## S. W. Jacobs et al. v. Milo M. Pierce et al.

### Gen. No. 4,724.

1. GUARANTOR—*right of, to erase indorsement of payment.* A guarantor, or his representative after death who has paid a note, may erase an indorsement of payment and maintain an action upon the note.

2. PROMISSORY NOTE—*plea of payment, held sufficient. Held,*

that the plea of payment interposed to an action upon a promis-
sory note, the substance of which is set forth in the opinion, was
good and, if proven, constituted a defense to the action.

    3.  DUPLICITY—*how advantage must be taken of.* Duplicity is
ground for special demurrer only and the demurrer must not only
assign it as a cause but must point out wherein the duplicity
consists.

    4.  SPECIAL DEMURRER—*what cannot be reached by.* Surplusage
in a plea cannot be reached by a special demurrer.

    Judgment by confession.  Error to the Circuit Court of Kane
county; the Hon. HENRY B. WILLIS, Judge, presiding.  Heard in
this court at the October term, 1906.  Reversed and remanded.
Opinion filed March 13, 1907.  Rehearing denied and opinion modi-
fied April 17, 1907.

S. N. HOOVER, for plaintiffs in error.

HOPKINS, PEFFERS & HOPKINS, for defendants in
error.

MR. JUSTICE THOMPSON delivered the opinion of the
court.

On May 12, 1904, the executors of Edward Pierce
caused to be entered a judgment by confession against
the plaintiffs in error in the office of the circuit clerk
of Kane county, in vacation, for $2,854.14 on a judg-
ment note for the principal sum of $2,500.  On the first
day of the next term of court plaintiffs in error moved
to vacate the judgment and for leave to plead.  The
court made an order opening the judgment, preserv-
ing the lien, staying the execution and permitting the
defendants to plead.  After filing certain pleas, waiv-
ing a jury and submitting the case to the court, the
pleas then on file were withdrawn and an amended
special plea filed.  To the last plea a special demurrer
was filed assigning numerous causes of demurrer.  The
court sustained the demurrer.  The defendants were
ruled to plead further, and failing to plead were de-
faulted and an order made that the order heretofore
entered opening the judgment and staying execution
be set aside.  The court then heard proofs and entered

judgment "that the judgment heretofore rendered on the twelfth of May, 1904, rendered herein for the sum of $2,854.14, stand in full force and effect as of the date of rendition of said judgment," and that plaintiffs have execution for said judgment and costs.

Plaintiffs in error insist that it was error to admit the note in evidence because an indorsement, "Paid by Edward Pierce Estate, Milo Pierce and J. J. Davis, executors," was erased. Pierce appears to have assigned the note and in his indorsement guaranteed the payment of the note at maturity. His executors had taken up the note, and holding it, had the right to erase the indorsement and maintain an action upon it without showing any re-transfer. If the payee or any assignor of a promissory note has been under the necessity of taking up the note his right of action revives. Campbell v. Humphries, 2 Scam. 478; 4 Am. & Eng. Ency. of Law 279 (2nd ed.). It was unnecessary for the court to hear any evidence if there was no plea. The order setting aside the order staying the proceedings was all that was necessary to permit the collection of the judgment.

Plaintiffs in error insist that the court erred in sustaining the demurrer to the amended plea. The plea in substance alleges that Pierce and the four plaintiffs in error were the entire board of directors of the Western Fire Marine and Plate Glass Insurance Company, and that at a semi-annual meeting of said directors, at which Pierce was present and presided as president, they decided to raise $2,500 to pay up some old indebtedness of said company, and that pursuant to a resolution then adopted the defendants in error drew their note in favor of Pierce for $2,500, being the note sued on, and the directors set aside as a guarantee of the payment of said note two notes of $2,500 each, drawn by Isaiah H. Bradford in favor of Ann E. Pinkerton, and by her indorsed, the said notes being secured by mortgage on certain lands in Minnesota; that said judgment note was executed and de-

livered to Pierce and he received the two notes so
secured as collateral security and advanced $2,500 to
the company as the proceeds of said note that he had
agreed to indorse; that the said $2,500 was used by
the company, and plaintiffs in error received no part
of the consideration; that afterwards, and before the
maturity of said note, said Pierce bought of said
company fifty shares of the capital stock of the com-
pany and agreed to pay therefor $5,000 in the follow-
ing manner: the $2,500 advanced by him to said com-
pany as the proceeds of said note should be retained
by said company, and said Pierce should pay to said
company the difference between the amount of said
note and said sum of $5,000, and deliver to the com-
pany said judgment note for cancellation and said
collateral securities; that the company issued and de-
livered to him said fifty shares of stock, and that
Pierce, although he received said stock, yet he had
failed to deliver up said note to the company for cancel-
lation, but had delivered said collateral securities not
to the company but to Ann E. Pinkerton without the
knowledge or consent of plaintiffs in error; and that
said judgment note was fully paid by the receipt by
Pierce of the said stock purchased of said company
by him.

The demurrer specifies ten reasons why it is claimed
the plea is bad. These are all embraced in the fol-
lowing: that the plea attempts to plead a want of
consideration and is insufficient in that regard; that
the plea attempts to vary the terms of the note "by
seeking to show that it is not the individual note of
the signers," and "that said plea is bad for duplicity,
in that it pleads that no consideration was ever re-
ceived for the said note mentioned in the declaration,
and also pleads payment." A want of consideration
is not sought to be pleaded. The effect of the allega-
tions concerning the consideration is only that the
note was an accommodation note executed by the de-
fendants in error for the benefit of the insurance com-

Jacobs v. Pierce.

pany; that the insurance company and not defendants in error received the proceeds of the discount of the note; that the insurance company paid the note, and that a payment of the note by the insurance company was a cancellation of the note. It was not sought by the plea to set up as a defense thereto that the makers were not liable for its payment when they made it. The plea in no way seeks to set up any defense that varies the terms of the note. The only defense attempted to be set up in the plea is that the note was paid by the insurance company by issuing to Pierce fifty shares of the stock of the insurance company. The plea fully sets out an agreement on the part of Pierce to accept the stock, and that in pursuance of the agreement he did accept the stock, and that as a part of the consideration he was to pay for the stock, the note sued upon was to be delivered by him to the company for cancellation, and that it was thereby fully paid.

What is stated in the plea about the surrender of the collateral securities by Pierce to Ann E. Pinkerton is that the same thereby became lost as the security for said note. This is not alleged in the plea to be a defense, nor is it averred that the note sued upon was thereby paid, but only that the securities were thereby lost to the insurance company. That is a matter that concerns the insurance company only and not the plaintiffs in error, if the note is paid. If the plea had alleged payment by the delivery to Pierce of the stock, and also that the debt was extinguished or paid by the surrender of the collaterals by the owners of the note, such allegation might render the plea bad for duplicity in that regard, but that question is not raised by the demurrer. While the demurrer specially raises the question of the duplicity, it at the same time distinctly points out in what particular the defendants in error claimed it was double. It states: ''Said plea is bad for duplicity, in that it pleads that no consideration was received for the said note

mentioned in the declaration and also pleads payment." Duplicity is not claimed by reason of allegations of payment by the receipt of the stock and also by the extinguishment of the debt by the surrender of the collaterals. Duplicity is ground for special demurrer only, and the demurrer must not only assign it as a cause, but must point out wherein the duplicity consists. Holmes v. C. & A. R. R. Co., 94 Ill. 439; 1 Chitty on Pl. 706; 7 Ency. of Pl. & Pr. 243. By not pointing out that the plea was double in alleging full payment by different and distinct sets of facts, that defect in the plea is waived. That part of the plea referring to the collateral securities and their delivery to Ann E. Pinkerton is surplusage and irrelevant. Surplusage cannot be reached even by special demurrer. Burnap v. Wight, 14 Ill. 301; 1 Chitty's Pl. 262; 21 Ency. of Pl. & Pr. 253. The plea not pretending to allege a want of consideration is not bad for duplicity in the particular pointed out by the demurrer, as the only defense alleged is that of payment. The plea sets up a legal defense although it contains much that is surplusage and irrelevant and is very verbose and pleads evidence. The demurrer should have been overruled. For the error in sustaining the demurrer the cause is reversed and remanded, with directions to overrule the demurrer.

*Reversed and remanded with directions.*

Mr. Justice WILLIS having presided at the trial of this cause in the lower court, took no part in its decision here.