Varn, et al. v. Pelot.—Syllabus.

---

GROVER C. VARN, GEORGE W. VARN AND NATHAN L. HATTON, PARTNERS DOING BUSINESS AS VARN TURPENTINE COMPANY, *Plaintiffs in Error,* v. JOHN J. PELOT, *Defendant in Error.*

1. A motion in arrest to a declaration containing several counts is properly overruled when there is one good count.

2. Contracts between property owners and real estate brokers may be implied, though usually express.

3. When the only theory upon which a declaration can possibly be held to state a cause of action is wholly unsupported by the evidence, a judgment for the plaintiff will be reversed.

4. A real estate brokerage contract to negotiate and bring about a sale at a fixed minimum price is not fully performed by the introduction of one who subsequently becomes a purchaser at a reduced price.

This case was decided by Division A.

Writ of Error to the Circuit Court for Manatee County.

The facts in the case are stated in the opinion of the court.

*G. C. Martin,* for plaintiffs in error;

*Singletary & Reaves,* for defendant in error;

COCKRELL, J.—In February, 1907, Pelot recovered. judgment before a referee against the individuals composing the partnership firm known as Varn Turpentine Company for his commissions in a sale of real estate, to which judgment this writ of error is directed.

The declaration consisted of a count upon an express contract under which it is alleged that Pelot was employed tc "negotiate" the sale of the property for $46,-500 for which he was to be paid a commission of five per centum, and there were also common counts. The pleas were the general issue.

The referee having announced his conclusions of the law and fact the defendants moved in arrest of judgment. This motion was properly overruled. Section 1610 of the General Statutes provides that a motion in arrest shall not be granted "for any faulty count in the declaration where the same declaration contains one count which

is good" and no fault can be found with the common counts. While perhaps it is more usual for agreements between property owners and real estate brokers to be express there is nothing in the employment to prohibit absolutely implied promises.

The motion for a new trial should, however, have been granted.

Upon the common counts there was no basis in the evidence upon which damages could have been estimated, even should we admit, a point we do not decide, that there was any evidence from which an implied promise might be inferred.

The special count declares unequivocally that Pelot was employed to bring about a sale of the property at a given price and his compensation was conditioned wholly and entirely upon procuring a purchaser ready and willing to pay that price. The count is not so clear in the allegations of performance but to state a cause of action it must be construed as alleging that the plaintiff did find a purchaser ready and willing to pay that minimum price and as so construed the proof is insufficient to support it.

The referee does not find, nor does the evidence justify a finding that Covington, the plaintiff's customer who subsequently purchased the property at $45,000 was at any time willing to pay the larger price; the referee finds merely that the plaintiff found a purchaser and introduced him to the owners and that no one else had called the attention of the purchaser to the property before the plaintiff did so, and that the property was sold by the defendants to the purchasers so found and introduced by the plaintiff for a less sum than the price named by the plaintiff, and without notice to him.

In the case of Wiggins v. Wilson & Boswell, recently decided we have carefully considered and applied the distinction between the contractual obligations of a real

estate broker employed to consummate a sale and one employed merely to find a purchaser, and it would be needless repetition to say more here. This case is ruled by the opinion there pronounced and the judgment will .therefore be reversed with directions to grant a new trial.

It is so ordered.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

HOCKER and PARKHILL, JJ., concur in the opinion.

TAYLOR, J., (*Concurring.*)—I agree with the conclusions reached in the opinion prepared by Mr. Justice COCKRELL in this case, except in one particular, *viz*: I do not think that the declaration makes out a case entitling. the plaintiff to a recovery. The contract alleged therein is that the plaintiff was employed to *effect a sale* of the property at a stipulated price, upon the consummation of which event, and in the event only of its consummation, was the plaintiff to be entitled under his contract of employment to compensatory commissions. The declaration fails to allege that the plaintiff effected, or negotiated, a sale of the property at the price stipulated in his contract of employment, or even that he had found and produced to his principals a purchaser able, ready and willing to take the property at such stipulated price. In this respect I think the special count of the declaration is fatally defective.