F. C. Elliott, *Plaintiff in Error,* v. Breckenridge Gamble, *Defendant in Error.*

Opinion filed May 30, 1919.

Petition for Rehearing denied June 25, 1919.

A broker employed *to sell,* as distinguished from a broker employed to *find a purchaser,* is not entitled to compensation until he *effects a sale* or procures from his customer a binding contract of purchase within the terms of authority.

A Writ of Error to Circuit Court of Leon County; E. C. Love, Judge.

Judgment reversed.

*W. C. Hodges* and *Fred H. Davis,* for Plaintiff in Error;

*F. B. Winthrop* and *W. J. Oven,* for Defendant in Error.

Bullock, Circuit Judge.—This is an action to recover commissions for selling real estate. The declaration is in two counts. The second count having been abandoned, the trial was had on the first, which alleged that the plaintiff in error was employed to sell, and that he produced a purchaser, ready, willing and able to purchase, but defendant refused to convey. The demurrer to this count was overruled.

The distinction between a contract to sell and one to procure a purchaser is discussed in Wiggin v. Wilson, 55 Fla. 346, 45 South. Rep. 1011. This count fails to allege

that the proposed purchaser entered into any contract that would bind him to take and pay for the property. Following the views of this court as expressed in the case of Wiggins v. Wilson, *supra,* we think the court below erred in overruling demurrer to the first count of the declaration.

This decision has been followed since that time in Varn v. Pelot, 55 Fla. 357, 45 South. Rep. 1015, and several other decisions not necessary to be cited.

In views of the conclusion that is reached as to the declaration, it is not necessary to consider the other assignments of error.

The judgment below should be reversed with directions to sustain the demurrer to the said count, and for such further proceedings as may be in accordance with law.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion, prepared under Chapter ——, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the judgment herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, JJ., concur.