W. M. BLUE, *Plaintiff in Error,* v. IDA M. STATEN, *Defendant in Error.*

Opinion filed August 18, 1922.

Petition for rehearing denied October 26, 1922.

1.  There is a recognized distinction between the employment of a broker to *find or procure a purchaser* for the property of another and his employment to *effect a sale* of such property. Breaches of such contracts by the owner are distinct causes of action.

2.  One count in a declaration containing two causes of action is amenable to objections upon the ground of duplicity.

3.  Duplicity in a pleading must at common law be taken advantage of by special demurrer. Special demurrers in common law actions have been abolished in this state, but alleged duplicity may be presented by motion for compulsory amendment under the statute.

4.  Objections to a pleading upon the ground of duplicity not presented until after verdict are waived.

5.  Evidence examined and found insufficient to sustain the verdict and judgment for plaintiff either upon the theory that plaintiff, as agent for defendant, procured a purchaser or affected a sale of the property.

A Writ of Error to the Circuit Court for Hillsborough County, F. M. Robles, Judge.

Reversed.

*Knight, Thompson & Turner,* for Plaintiff in Error;

*J. W. Sherrill* and *Mabry, Reeves & Carlton,* for Defendant in Error.

WEST, J.—This is an action for the recovery of commissions alleged to have been earned by plaintiff in procuring a purchaser and effecting a sale of certain lands belonging to defendants located in Hillsborough County.

The cause of action declared upon in the first count of plaintiff's declaration is that ''the defendants   *  *  * employed the said plaintiff to find and procure for the said defendants a purchaser for said lands'' at and for a stated price per acre; that plaintiff ''found, procured and produced a purchaser for the said lands at the price * * * agreed upon;'' that a sale of the lands of said defendants to a purchaser named ''was brought about and consummated through the efforts of the plaintiff in that behalf;'' and that notwithstanding the consummation of said sale, defendants have not paid the plaintiff the commissions, or any part thereof, agreed by them to be paid and earned by her. The declaration also contains several common counts in assumpsit.

Pleas were filed and upon a trial verdict and judgment were for plaintiff, to review which writ of error was taken. When plaintiff rested her case, upon motion of counsel in their behalf the suit was dismissed as to all defendants except plaintiff in error.

It is urged in behalf of plaintiff in error that the judgment should be reversed because it is not supported by the evidence. This argument rests primarily upon the assumption that plaintiff seeks to recover upon the theory that she procured a purchaser for the property. The declaration, however, is not predicated upon that theory alone. It contains an allegation that plaintiff procured a purchaser for the property, but it also alleges that plaintiff affected a sale of the property. These are distinct causes of action. Wiggins, Admr. v. Wilson, 55 Fla. 346,

45 South. Rep. 1011; Elliott v. Gamble, 77 Fla.. 798, 82 South. Rep. 253. Because two causes of action. are contained in one count, the declaration would have been amenable to objections upon the ground of duplicity if the point had been raised. At common law this objection could have been raised by special demurrer only. 7 Enc. of Pl. & Pr. 243; Karnuff v. Kelch, 69 N. J. Law 499, 55 Atl. Rep. 163. But in this jurisdiction special demurrers in common law actions have been abolished. Sec. 2627, Rev. Gen. Stats. of Fla.; Peacock v. Hargrave, 51 Fla. 269, 40 South. Rep. 74. The question could have been. presented by motion for compulsory amendment under the statute. Sec. 2630 Rev. Gen. Stat. of Fla.; City of St. Louis v. Weitzel, 130 Mo. 600, 31 S. W. Rep. 1045; Karnuff. v. Kelch, *supra.* But not to present the point until after verdict is to waive it. 7 Standard Enc. of Proc. 947; Jacobs v. Pierce, 132 Ill. App. 547; Chicago West Div. R. R. Co. v. Ingraham, 131 Ill. 659, 23 N. E. Rep. 350; Commonwealth v. Tuck (Mass.) 20 Pick. 361; Smith v. Latour, 18 Pa. St. 243; Central of Ga. Ry. Co. v. Banks & Fortson, 123 Ga. 785, 58 S. E. Rep. 352. If either cause of action alleged is supported by the evidence the judgment should stand.

That the evidence does not support the verdict for plaintiff upon the theory that she performed a contract previously made with defendant to *procure a purchaser* for the property, scarcely admits of any question. We do not understand that plaintiff contends now that she did *procure* the purchaser to whom the property was sold. It is contended in her behalf, however, that a sale of the property was effected to a purchaser procured by another and that her efforts in that behalf, for which she was to receive from defendant an agreed commission, contributed

to a consummation of the sale. No benefit would result from a, recital of the evidence. The members of the court, except the writer, are of the opinion that the verdict and judgment are not supported by the evidence upon this theory of the case.

It is unnecessary to discuss questions of procedure, rulings upon which were made the basis of assignments of error.

The judgment is reversed.

BROWNE, C. J., AND WHITFIELD AND ELLIS J. J., concur.

TAYLOR, J., concurs in the result.