E. A. STROUT FARM AGENCY, A CORPORATION, *Plaintiff in Error*, v. J. S. HOLLINGSWORTH, *Defendant in Error*.

En Banc.

Opinion Filed August 21, 1926.

Petition for rehearing denied November 16, 1926.

1. An exhibit can only be made a part of the pleading to which it is attached by the use of apt words to that end in the

pleading itself, and unless this is done, a demurrer to the pleading does not reach the exhibit.

2. There is a well recognized distinction between a contract to effect a sale, and a contract to procure a purchaser, ready, able and willing to buy, and where both such distinct causes of action are embraced in the same count, it renders the same duplicitous and subject, not to demurrer, but to motion for compulsory amendment under the statute.

3. Where a declaration alleged that the defendant entered into a written listing contract by the terms of which the defendant employed the plaintiff to procure a purchaser ready, able and willing to buy certain described land and by said contract did agree that if a customer "is procured through you or your agents, on terms as herein stated, or at a price and upon terms acceptable to me, I will pay you forthwith as commission ten per cent of the selling price," and that the plaintiff through its agents did procure purchasers who did stand ready, able and willing to buy the defendant's property at a certain price and on certain terms indicated and accepted by the defendant, and that said purchasers executed a sale and purchase contract to that effect, at a price and on terms acceptable to and dictated by the defendant, a copy of which contract was attached to the declaration and made a part thereof, and that the purchasers tendered the cash payment required by said contract, but that the defendant arbitrarily refused to consummate said deal, and that said customers were then and at all times thereafter up to the filing of suit ready, able and willing to buy the property at said price and terms, and that plaintiff had performed its duty under the contract and that the defendant was due the plaintiff the commission agreed on; *held*, such declaration did not wholly fail to state a cause of action and the trial court erred in sustaining demurrer thereto, although the said sale and purchase contract embraced, in addition to the real estate, certain personal property located on the said real estate.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Reversed.

*H. G. Jones,* for Plaintiff in Error;

*Leitner & Leitner,* for Defendant in Error.

BROWN, C. J.—The amended declaration alleged that the defendant entered into a written listing contract, "a copy of which is hereto attached as plaintiff's exhibit A," by the terms of which the defendant employed the plaintiff to procure a customer ready, able and willing to buy certain lands, and by said listing contract did agree that, "if a customer is procured through you or your agents, on terms as herein stated, or at a price and upon terms acceptable to me, I will pay you forthwith as commission ten per cent of the selling price." That pursuant to said contract plaintiff through its agents at Arcadia, Florida, offered the property for sale to its customers, Bail and Mershon, at a price and upon terms acceptable to the defendant, whereupon said customer and purchasers did stand ready, able and willing to buy defendant's property for $2500.00 cash, $2500.00 on delivery of deed, and balance in four equal annual payments secured by notes and mortgages bearing 8 per cent, this being the price and terms indicated and accepted by defendant, and that said purchasers executed a sale and purchase contract to that effect, at the price and on the terms acceptable to and dictated by the defendant, "a copy of which is attached hereto as a part hereof, and marked plaintiff's exhibit B," and that the purchasers tendered their cash payment of $2500.00 along with said contract, but that defendant arbitrarily refused to consummate the said deal. That said customers were then, and at all times thereafter up to the filing of suit, ready, able and

willing to buy the property at said price and terms. That plaintiff had performed its duty under the contract, and that under said contract defendant is due the plaintiff $2500, being 10 per cent of the aforesaid selling price, which defendant has on demand refused to pay, to plaintiff's damage, etc.

The defendant demurred *inter alia* upon the grounds (1) that the amended declaration failed to show whether the plaintiff was claiming a commission for selling the property, or for finding a purchaser for same; (2) that the pleading attempts to vary the terms of a written contract; (3) that it attempts to charge the breach of a written and a parol contract, and (4) states no cause of action. The court sustained the demurrer, and the plaintiff declining to plead further, judgment was rendered in favor of the defendant.

The demurrer is evidently based upon the assumption that both the exhibits referred to in the declaration form a part thereof. This assumption is not correct as to Exhibit "A." This exhibit is referred to in the amended declaration, and it is stated that a copy is attached thereto, but this alone is not sufficient to make it a part of the declaration. The rule is that it can only be made a part of the pleading by "apt words," and unless this is done, a demurrer to the pleading does not reach the exhibit, nor a copy of the "Cause of action" filed with the declaration. Hoopes v. Crane, 56 Fla. 395, 47 South. Rep. 992; State v. Seaboard Air Line Ry., 56 Fla. 670, 47 South. Rep. 986; Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367; Royal Phosphate Co. v. VanNess, 53 Fla. 135, 43 South. Rep. 916; 31 Cyc. 560.

Exhibit "B," the purchase and sale contract, *is* made a part of the pleading by sufficiently apt words. This document does not contain a legal description of lands, which are merely described therein as "160 acres more or less in

Section 5, Township 37, Range 25 East.'' The declaration alleged a more or less detailed description of the lands, but failed to show the County or State of their location. This incomplete description of the lands in the listing contract would not necessarily be fatal in a suit for commission for procuring a purchaser under such contract as that declared on, which did not obligate the plaintiff to secure a legally binding contract of purchase.

But Exhibit B further purports to show that the property agreed to be purchased consisted not only of 160 acres of land, but also of a considerable amount of described personal property, consisting of certain farm implements, all crops ''on farm,'' Delco lighting plant in residence, etc. But this variance is not fatal to the statement of a good cause of action for a commission in view of the allegation in the amended declaration that the purchase contract so executed was ''at a price and on terms acceptable to and dictated by'' the defendant, in view of the fact that the amended declaration also alleged that the defendant agreed, in the listing contract, that if the plaintiff procured a customer, either on the terms stated in the contract, or ''at a price and up terms acceptable to the defendant,'' plaintiff would be entitled to a ten per cent commission on the ''selling price.'' The declaration as amended does not sue for a commission for selling the property, but for procuring for the owner a customer ready, able and willing to buy the property on terms and at a price acceptable to the owner. If the terms so accepted and agreed to by the owner contemplated that certain personal property should go along with the land described in the listing contract, this would not defeat the broker's right to a commission under such contract clause as is set up in the pleading. See Moore v. Williamson, 213 Ala. 274, 104 South. Rep. 645, 42 A. L. R. 981, 987, which, while not directly in point,

has some bearing on the question. That part of the listing contract which is before us, being that alleged in the declaration, the remainder not being reached by the demurrer, entitled the plaintiff to a commission upon the procurement of a customer ready, able and willing to buy the real estate described upon price and terms acceptable to the owner, and the declaration substantially shows performance of such contract on the part of the plaintiff. Of course, there is a well recognized distinction between a contract to effect a sale, and a contract to procure a purchaser, ready, able and willing to buy, and the two causes of action should not be included in the same count. See Wiggins v. Wilson, 55 Fla. 346, 45 South. Rep. 1011; Varn v. Pelot, 55 Fla. 357, 45 South. Rep. 1015; Elliott v. Gamble, 77 Fla. 798, 82 South. Rep. 253; Pensacola Finance Co. v. Simpson, 82 Fla. 368, 90 South. Rep. 381. Where both of such distinct causes of action are embraced in the same count, it renders the same duplicitous, and subject, not to demurrer, but to a motion for compulsory amendment under the statute. Blue v. Staten, 84 Fla. 274, 93 South. Rep. 686. Where a declaration alleges an agreement by defendant to pay a 10 per cent commission to plaintiff for procuring a customer .ready, able and willing to purchase certain *lands* of the defendant, at a price and on terms acceptable to the defendant, and a customer is procured who is ready, able and willing to buy the land with the addition of certain personal property of the defendant at a price on terms acceptable to the defendant, the price agreed on covering both the land and certain personal property; *query*, should not the amount of the broker's commission be calculated on the basis of the total price less the value of the personal property?

It is true that where a real estate broker agrees to effect a sale at a fixed minimum price, the introduction by him

of one who subsequently purchases at a reduced price, does not ordinarily entitle such broker to a commission. Varn v. Pelot, *supra* (which might be considered in connection with Pensacola Finance Co. v. Simpson, *supra*). But this principle is obviously not applicable to an agreement such as that set up in the amended declaration.

If there be any provision of the listing contract which nullifies or modifies that part of the contract declared on, or if the contract as a whole has such effect, the defendant can take advantage of this by proper plea. See Section 2626 Rev. Gen. Stats. 1920.

The amended declaration does not wholly fail to state a cause of action, and the court erred in sustaining the demurrer thereto. It is not necessary to consider the action of the court on the demurrer to the original declaration.

For the error pointed out, the judgment of the court below must be reversed and the cause remanded. It is so ordered.

WHITFIELD, STRUM AND BUFORD, J. J., concur.

ELLIS, J., dissenting.—The amended declaration declares upon an agreement to procure for the defendant a customer ready, able and willing to buy the "Hollingsworth home place at Brownville, Florida," on terms stated in the written contract, which was attached to the declaration but not made part of it by apt words, "or at a price and upon terms acceptable" to the defendant. It alleges that the plaintiff procured a purchaser for the place "at a price and upon terms acceptable" to the defendant; that the purchaser so procured was ready, able and willing to buy the property for twenty-five thousand dollars payable as follows:

"Two thousand five hundred ($2500) cash and two thousand five hundred ($2500) additional cash to be paid upon delivery by said defendant of a deed to said property in-

volved in said deal that was, as aforesaid, at a price and upon terms acceptable to said defendant; the balance in the sum of $20,000 to be paid in four equal annual payments of $5000 each, these deferred payments to be represented by four (4) promissory notes of equal amounts thereto, each bearing interest from date at the rate of 8% per annum; all of said notes to be secured by a mortgage on the real estate involved in said deal." It was then alleged by way of recitation that: "this being the price and terms indicated and accepted by said defendant."

It was then alleged that a contract was executed by the purchasers for the purchase of the place "at the price and on the terms acceptable to and dictated" by the defendant. A copy of that contract is attached to the declaration as a part of it. It is alleged "the purchasers tendered their cash payment of $2500 along with the sale and purchase contract and were prevented from consummation of said deal only by the arbitrary refusal of the said defendant, J. S. Hollingsworth, to consummate."

Following the signature to the declaration there appears a statement that the exhibits referred to as "A" and "B" are attached to the original declaration and are there referred to as "plaintiff's exhibit 'A' and plaintiff's exhibit 'B' and reference is here made thereto."

The one and sole object of pleadings is to present an issue of fact upon which the rights of parties to the litigation turn. That such an end may be attained in litigation and the business of the courts expedited at reasonable expense to the parties it is of necessary importance that the allegations of the declaration and the averments of the plea should be unambiguous, direct and positive and not by way of recital. See Shipman's Common-Law Pleading, 347, page 458.

The declaration in this case not only fails to meet these requirements but it is defective in matters more material.

In the first place, the declaration alleges that the defendant employed the plaintiff in writing to procure a purchaser for the Hollingsworth home place particularly described by governmental survey in part and in part by metes and bounds. The acreage is not given. It alleges that pursuant to the agreement of employment the plaintiff offered "said defendant's property" for sale to certain persons "at a price and upon terms acceptable" to the defendant; that such persons were ready, able and willing to buy "said defendant's property for twenty-five thousand dollars ($25,000) payable as follows"—the price and terms being hereinbefore recited. Then follows the recital that: "this being the price and terms indicated and accepted by said defendant."

Aside from the fact that this allegation is not direct and positive and presented in issuable form, as the requirements of pleading demand, it is by no means an allegation that "defendant's property" which the purchaser agreed to buy was the identical land and only that which the defendant had employed the plaintiff to procure a purchaser for. A reference to the exhibit "B" shows this statement to be true because the contract which the "purchasers" signed and which is made a part of the declaration which must be construed with it not only fails to describe the land but fails to identify it as the "Hollingsworth home place" and includes certain personal property, while there is no allegation that the defendant agreed to sell the home place and the personal property at the price and upon the terms which the purchasers offered for the whole nor that he had employed the plaintiffs to sell the personal property included in the contract.

Now it cannot be said with any regard for accuracy of statement that the words "home place" used in a written agreement of employment to sell it includes all the personal property upon it. So by even a most liberal construction

of the language of the plaintiff's declaration no case is presented because it alleges an employment to procure a purchaser for the "home place" and found one for the place and personal property at a price which the defendant dictated and which was agreeable to him for the "home place only."

The declaration does not rest upon an employment to find a purchaser for the "home place" and the personal property upon it at a price and upon terms acceptable to the defendant but it rests upon the employment to find a purchaser for the "Hollingsworth home place at Brownville, Florida" "at a price and upon terms acceptable" to the defendant.

The plaintiff, therefore, by its declaration seeks compensation for a certain service which it alleges it was employed to perform and which its pleading shows it has not performed. Or to put it differently it claims ten percentum upon the selling price fixed by the defendant on the "home place" according to the terms of a written agreement and show performance of such agreement on their part by producing a purchaser for the "home place" and certain personal property to go with it.

The averment in the conclusion of the declaration that the plaintiff under the terms of the "listing contract" is entitled to receive ten percentum of the selling price (which it was offered for the home place and personal property) is justified by no allegation of the declaration nor by any theory upon which it was framed.

The majority opinion states that: "The declaration alleged a more or less detailed description of the lands but failed to show the county or state of their location." I cannot agree to this statement concerning the allegations of the declaration in this regard. The language of the declaration is: "Defendant employed the said plaintiff to pro-

cure for the defendant a customer ready, able and willing to buy the J. S. Hollingsworth home place at Brownville, Florida, the same being described as follows, to-wit.'' Then follows an accurate description of the lands by section, township and range which, aside from the reference to ''Brownville, Florida,'' indisputably locates the lands in DeSoto County.

The majority opinion also refers to the ''incomplete description of the lands in the listing contract.'' Now, the ''listing contract'' is not made a part of the declaration and the majority opinion so states. I do not agree that either this court or the trial court may for the purpose of the demurrer to the declaration consider the terms of the ''listing contract'' nor any of its provisions including the description of the lands. Whether it is complete or incomplete, nor any references to other property of personal character to be included in the home place, nor do I assent to the dictum that if the description of the lands in the ''listing contract'' is ''incomplete'' such defect would not be fatal necessarily ''in a suit for commission for procuring a purchaser under such a contract as that declared on which did not obligate the plaintiff to secure a legally binding contract of purchase.''

I am not prepared to assert as a matter of law that where the plaintiff declares upon a contract to find a purchaser for definitely described lands at a certain price and issue is joined by defendant that the plaintiff may maintain his case by exhibiting a contract which describes no lands and which contains a clause definitely employing the plaintiff to sell at a certain price and to make a binding contract in the owner's name for the sale of lands ''incompletely described'' and to give and accept receipts for money or deposits received in connection with the contract of sale. It is obvious that if the so-called listing contract

contains such a provision it is more than an employment to procure a purchaser willing, able and ready to buy.

For the above reasons I dissent from the conclusion reached by the majority of the court.