**W. G. KNOWLES v. PAUL M. HENDERSON**

22 So. (2nd) 384                                    January Term, 1945
June 1, 1945                                               Division B

*Gorman & Hamlin,* for appellant.
*Futch & Futch,* for appellee.

SEBRING, J.:

Henderson, a real estate broker, sued Knowles to recover real estate commissions alleged to have been earned by Henderson in attempting to effect a sale of real property in Lake County, Florida. Judgment was for the plaintiff and defendant has taken an appeal.

The plaintiff's evidence was, in substance, that the defendant, Knowles, had represented to plaintiff that he was the sole owner of certain real property in Lake County, which he wished to sell; that Knowles had authorized Henderson to sell the property for a price of $42,000 cash, Henderson to receive $4,000 as his commission for making the sale; that Henderson had found a purchaser who was ready, able and willing to buy the property upon the terms fixed by Knowles, and who, as evidence of good faith, had made a down payment of $1,000 and stood ready to pay the remainder whenever Knowles would execute the deed; that Henderson had promptly notified Knowles that a purchaser had been procured who was ready to take title to the property and pay over the purchase price; that Knowles had thereupon informed Henderson that he, Knowles, owned only a one-half

interest in the property and would not, and could not, convey title to the whole.

The defendant, Knowles, admitted that a contract of employment to sell land had been entered into between him and Henderson, but denied that the contract was as stated by plaintiff. According to Knowles' version of the transaction, Henderson had been told specifically that he, Knowles, owned only a one-half interest in the property; that it was this interest, and this interest only, that Knowles had authorized Henderson to sell for $42,000 cash.

Three points are argued by appellant as valid reasons for reversing the judgment.

It is first contended by the appellant that the verdict entered was contrary to law and the weight of the evidence and that a new trial should have been awarded by the trial court on this ground. We cannot agree with this contention. There was ample credible testimony to support a finding by the jury that the broker was employed by his principal to sell the whole interest, not a half interest in the property, and that the sale was defeated because Knowles could not convey the whole fee. Consequently, the verdict and judgment may not be set aside upon the ground urged.

The appellant next submits that, even assuming the plaintiff's testimony to be true the judgment may not stand, for the reason that inasmuch as the plaintiff has elected to sue upon the theory that he was employed as a broker to sell the property, he cannot legally sustain his right to a real estate commission upon proof merely that he produced a purchaser ready, able and willing to buy, but must go further and prove either that he actually negotiated and effected a sale of the property, or procured from his customer a binding contract of purchase for the property within the terms of his authority, leaving nothing for the principal to do on his part but to execute at the proper time the necessary transfer of the title.

The rule contended for by the appellant is sound, where applicable. But we do not think the rule controls the case at bar. The law makes a distinction betwen the employment of a real estate broker to find or procure a purchaser for the property of another, and the employment of a broker to

effect a sale of such property. Under the first type of employment contract the broker, to be entitled to his commissions, is required only to produce a purchaser ready, able and willing to perform upon the terms fixed, leaving to the seller the actual closing of the sale. Under the second type of employment contract, the broker is not entitled to his commissions until he not only has found a purchaser who is ready, able and willing to buy upon the terms fixed by the seller, but has also actually effected the sale or procured from the prospective purchaser a binding contract of purchase within the terms of his authority. Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011; Varn v. Pelot, 55 Fla. 357, 45 So. 1015; Elliott v. Gamble, 77 Fla. 798, 82 So. 253; Blue v. Staten, 84 Fla. 274, 93 So. 686; E. A. Strout Farm Agency v. Hollingsworth, 92 Fla. 673, 110 So. 267; Squires v. Kilgore, 92 Fla. 1001, 111 So. 113; Malever v. Livingston, 95 Fla. 272, 116 So. 15; Livingston v. Malever, 103 Fla. 200, 137 So. 113; Weida v. Bacon, 102 Fla. 628, 138 So. 32. Accordingly, a broker who has been employed to effect or consummate a sale will not ordinarily be entitled to his commissions if he has done nothing more than produce a purchaser ready, able and willing to buy, even upon the terms authorized—for in such case he has not completed his contract.

But the general rule stated is not without exception. The weight of authority is to the effect that where a broker in good faith and in reliance upon his contract procures a purchaser ready, able and willing to buy the property in accordance with the terms fixed by the seller, and before the broker can effect the sale or procure a binding contract of purchase the seller defeats the transaction, not for any fault of the broker or purchaser, but solely because the seller will not, or cannot, complete the transaction, then and in such case, the broker is entitled to his commission, if the customer remains ready, able and willing to purchase, although the sale has not been fully completed; the strict terms of the contract between principal and broker as to completing the sale or procuring a binding contract of purchase from the customer being deemed waived by the principal. Hutchins & Co. v. Sherman, 82 Fla. 167, 89 So. 430; Walker and Mc-

Clelland v. Chancey, 96 Fla. 82, 117 So. 705; Hart v. Pierce, 98 Fla. 1087, 125 So. 243; Livingston v. Malever, supra. As is said in Walker and McClelland v. Chancey, supra, and reiterated in Hart v. Pierce, supra:

"It is a general principle of law, that he who himself prevents the happening or performance of a condition precedent, upon which his liabiltiy, by the terms of the contract, is made to depend, cannot avail himself of his own wrong and relieve himself from his responsibility to the obligee, and shall not avail himself, to avoid his liability, of a nonperformance of such precedent condition, which he has himself occasioned, against the consent of the obligee."

If Henderson's version of the terms and conditions of his employment are true, the contract between him and his principal was to effect a sale of the whole interest in the property for cash. Henderson had atempted to do this. He had found a customer who had agreed to take the property for $42,000 cash and who made a $1,000 down payment on the purchase price and had stood ready, able and willing to pay over the remainder whenever Knowles would execute the deed. Henderson had promptly informed Knowles of the fact that a purchaser had been procured for the property, and of the extent to which the transaction had progressed. At this juncture Knowles had flatly refused to go further with the transaction by conveying title. And he had based his refusal to do so not upon any ground that the customer was unsatisfactory to him or could not perform, or had not entered into a binding contract of purchase, but upon the sole ground that his contract with Henderson having been to sell only a one-half interest in the property and not the whole fee, he, Knowles, would not, and could not, convey complete title. These facts, we think, bring the case within the exception to the general rule heretofore stated.

In the third and final question submitted, the contention is made by the appellant that it was the duty of the court, upon the written request of the defendant, to charge the jury fully with reference to the distinction between a contract to sell real estate and a contract to find a purchaser ready, able and willing to buy.

The point raised might be entitled to consideration had there been any dispute between Henderson and Knowles as to whether the contract of employment was to effect a sale or merely to procure a purchaser. But no such dispute appears and the question was not in issue at the trial. Henderson's entire case was bottomed on the theory that he had been employed by Knowles to make a sale of the property and not merely to produce a buyer. By his own testimony Knowles conceded at the trial that the employment was for the purpose of effecting a sale, not for procuring a purchaser. The only real point of cleavage between the parties was as to the extent of the property interest authorized to be sold. Henderson claimed that his contract was to sell the whole interest in the property for $42,000 cash, and that the sale was defeated, not on any ground of lack of ability or willingness on the part of the customer to pay the purchase price or to execute a binding contract of purchase but because Knowles would not and could not convey title. On the other hand, Knowles claimed that Henderson was employed by him to sell a one-half interest in the property, and no more, and hence that Henderson did not fulfill his contract or earn his commissions by procuring a purchaser for the whole title at the same price as that which Knowles had demanded for his individual interest.

The jury was instructed by the court that the case was one in which the plaintiff sued the defendant for his commission as a real estate broker "upon an alleged sale of certain property upon an alleged contract with Mr. Knowles by which he authorized the selling of the property. The burden of proof in a civil case is upon the plaintiff. He must prove the allegations of his declaration to the satisfaction of the jury by a preponderance of the evidence."

Although some of the requested instructions given by the court were not clear or complete as they could have been, we think that by the charge here quoted the jury was given to understand clearly the nature and extent of the issue it was sworn to try. The real issue in the case having been thus presented, we are unable to say that reversible error was committed when the court refused to give the instruction requested by the defendant.

The judgment appealed from should be affirmed.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.