DAUBE v. MacSMITH, et ux.

Circuit Court, Dade County, Civil Appeal.

November 9, 1954.

Meyer, Weiss & Rosen, Miami Beach, for appellant.

Boardman & Bolles, Miami, for appellees.

GEORGE E. HOLT, Circuit Judge.

In this case plaintiff (appellant) brought suit to recover a broker's commission in a situation in which the sale was never consummated. Defendants (appellees) had listed their property for sale for $20,000 cash. Plaintiff filed a complaint which included four counts. Count #1 alleges that plaintiff procured and produced a purchaser who was ready, willing and able to purchase the real estate on the terms specified by the seller. Count #2 alleges that plaintiff, through his agent employee, procured and produced a purchaser who was ready, willing and able to purchase the real estate on the terms specified by the sellers. Count #3 alleges that by his reliance upon a listing contract the agent and employee of the plaintiff procured a purchaser who was ready, willing and able to purchase the real estate involved in accordance with the terms specified by the seller, and that the defendants refused to consummate the transaction. Count #4 alleges that plain-

tiff's agent procured a purchaser ready, willing and able to purchase the real estate in question in accordance with the terms specified by the defendants, but before the sale could be effected or a binding contract of purchase obtained the sellers refused to consummate the transaction. Defendants filed a general denial of the complaint.

The burden of proof fell on the plaintiff to prove by competent evidence that he—(1) produced a purchaser, (2) who was ready, willing and able to purchase, (3) on the terms of the listing contract. The general law on the subject is succinctly stated in 12 C.J.S., page 204, section 89, as follows—"To entitle him to a commission where no sale is actually consummated, a broker employed to find a purchaser must either produce to the owner a customer who is able, ready and willing to buy on the terms prescribed by the owner, or else take from the customer a binding contract to purchase, unless these requirements are waived by the principals refusing to proceed after notice by the broker that he has such a contract, or purchaser." This general concept is followed by our Supreme Court. Knowles v. Henderson (Fla.), 22 So. 2d 384; Franklin v. Boardman (Fla.), 29 So. 2d 24.

In the trial of the cause defendants moved for a directed verdict at the close of plaintiff's testimony and renewed that motion again at the close of all the testimony. Under common law rule 40 the court reserved its ruling on the motion for directed verdict, and submitted the case to the jury. A verdict was thereafter rendered for plaintiff and judgment entered thereon.

Defendants then moved for entry of a judgment on their behalf upon the grounds that—(1) No lawful verdict could be returned by the jury in favor of the plaintiff against the defendants on the evidence adduced, (2) The evidence failed to show that a purchaser was produced who was ready, willing and able to purchase the land in question, and (3) Other reasons not now involved.

Thereafter the court below entered an order setting aside the verdict and judgment and entered judgment for the defendant. In so doing the court held that the plaintiff had failed to prove by competent evidence that he or his employees had produced to the owners a customer who was ready, willing and able to purchase the land on the terms of the listing contract, no copy of a deposit receipt and no check for deposit ever having been exhibited to either of the defendants. It is the opinion of this court that the plaintiff below failed to prove a material allegation of his complaint. Affirmed.