CARROLL, Judge.
Appellee filed an action against the appellant in the circuit court in Dade County for a real estate commission. The case was tried without a jury and judgment entered for the plaintiff. The defendant appealed.
The theory on which plaintiff proceeded was that he had obtained a listing for sale at a certain price with terms; that he produced a purchaser in conformity to the listing; that when the seller rejected the proffered terms and demanded an all-cash deal, his customer agreed to purchase the property for cash; that he so informed the seller who then refused to sell and took the property off the market; and that such rejection of the all-cash offer relieved the broker-from the need to get a deposit and a signed contract. If those facts were all which appeared, the holding of the trial court in favor of the broker would be correct under the authority of Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 169 A.L.R. 600. But. in defense the seller showed it was the agreement of the parties that a commission would be due only if a sale was closed.
The written communication of the seller to the broker in response to the latter’s inquiry as to whether the property was for sale contained the following:
“Please advise whether you wish to have a listing of the above parcels. The listing will not be exclusive with you and will be on the understanding that the usual rate of commission recommended by the local Real Estate Board will apply, and that commission will be due and payable only if and when title is actually closed.
“The property is being offered at a price of $225.00 per front foot cash. A substantial offer embodying terms will be considered.”
Appellant presents three points. The first is a contention that no right to a commission accrued because of the express condition for closing, and argues that the agreement between the seller and the broker that a commission would be payable “only if and when title is actually closed,” precludes recovery even though the absence of a closing was due to the seller’s refusal. That argument has merit.
In Knowles v. Henderson, supra, it was held that a failure to close due to fault of the seller would not defeat the right to commission of a broker employed to sell, who had produced a ready, able and willing purchaser. However, in Hanover Realty Corp. v. Codorno, Fla.1957, 95 So.2d 420, under similar circumstances but where there was an agreement that no commission would be due unless the sale was closed, the Supreme Court held the broker was not entitled to recover on the basis of’the rule applied in the Knowles case “in the face of a specific agreement to the contrary.” We therefore reverse the judgment in the instant case on the authority of Hanover Realty Corp. v. Codomo, supra. See also, Kay v. Sperling, Fla.1956, 83 So.2d 881. This disposition of the case makes it unnecessary to rule upon other questions raised. The cause is remanded to the circuit court with directions to dismiss the complaint.
Reversed and remanded.