CARROLL, Judge,
(dissenting).
I respectfully dissent. The amended complaint which was dismissed on defendant’s motion alleged that the plaintiff was a licensed auctioneer and real estate broker ; that plaintiff was employed, under the contract which was made an exhibit, to conduct an auction sale of certain described property of the defendant; that under such contract the property was to be sold to the highest and best bidder without reservation.
Before setting out the remaining allegations of the amended complaint, and in order to better judge their value, it would appear helpful to show the contract made by the seller and the auctioneer, as follows:
“You are hereby authorized and employed to advertise, and are granted Exclusive Authority to conduct an Absolute Auction Sale, and we thoroughly understand and agree that we are to sell, without reservation, to the highest and best bidder, our property located in Miami, Florida, 7725 Biscayne Boulevard at Public Auction on the premises, on a date to be set by you not later than April 10, 1960, and described more fully as follows:[1]
“The total of all indebtedness (including mortgages, liens, etc.) is None as follows:
“It is understood you are to promote and advertise said Auction by placing not less that 15 newspaper advertisements; print, distribute and mail folders ; erect sign, furnish auctioneer and ground aids; and any monies and souvenirs that may be given at said Auction, plus television.
“In full settlement of your services and expenses as outlined above, we hereby agree to pay you, at the time of the Auction, six per cent (6%) of the highest and best bid price of said real estate for your services and expenses.
“As further valuable consideration, showing our good faith and binding all parties hereto to performance under the terms of this contract, we hereby pay you $10.00, which amount is to be deducted from the monies to be paid you at the time of said Auction.
“We understand that neither M. Hansbrough & Associates, Inc. nor any of its representatives can accurately predict the price this property will bring, nor have they attempted to give any such assurance.

“No agreement or understanding, unless specifically stated in writing and made a part of this written Contract and Agreement, shall be valid or shall in any manner alter or modify any provision thereof.

“Signed in Duplicate a copy of which is hereby acknowledged, this 19th day of February 1960.”
With reference to that contract, the amend ed complaint further alleged as follows
“6. That pursuant to the aforesaid agreement, Plaintiff did promote and advertise said public auction to be held on the 28th day of March, 1960, by *577 placing advertisements in a minimum of 15 newspapers, by printing and distributing mail folders, by erecting a sign upon the premises, and by advertising said sale in more than 30 local television spot announcements.
“7. That on or about the 28th day of March, 1960, Plaintiff did conduct a public auction on the premises located at 7725 Biscayne Boulevard, Miami, Florida; and further that the aforesaid auction sale was conducted by one Col. Moyer, who was employed by Plaintiff and was assisted by M. Hansbrough, Virginia L. C. Brush, and E. H. Cahours, all employees of Plaintiff.
“8. That at said auction Plaintiff did receive various and sundry bids upon the said property, but that the highest and best bid made at such auction was submitted by one Louis Cohen, who did submit a final bid in the sum of One Hundred Twenty-Two Thousand Dollars ($122,000.00).
“9. That all bids submitted at the aforesaid auction were made in the form of signed purchase offer cards by which the prospective purchaser did certify that he was ready, willing, and able to pay the sum bid for the property in question and to immediately negotiate a purchase contract thereon; and further, that the said Louis Cohen did execute such a purchase offer card submitting his bid in the sum of One Hundred Twenty-Two Thousand Dollars ($122,000.00) and did deliver said card to the aforesaid E. H. Cahours who witnessed the same. A true copy of said purchase offer card has been attached to an affidavit heretofore filed in this cause and is made a part hereof by reference.
'TO. That the aforesaid bid of Louis Cohen was the highest and best bid submitted upon the property in question and was accepted by Plaintiff.
“11. That said bid was submitted to the Defendant who did arbitrarily and without good cause or explanation refuse to accept the same, in consequence whereof the sale of the property to the said Louis Cohen was never consummated.
“12. That the said Louis Cohen was a bona fide bidder and was then and there ready, willing and able to take such further steps as were necessary to consummate the purchase transaction; and further, that subsequent to the auction sale the said Louis Cohen did threaten Plaintiff with legal action resulting from the conduct of Defendant as aforesaid, and her failure and refusal to sell the said property to him at the agreed price.
“13. That the refusal of Defendant to accept the bid of the said Louis Cohen or to consummate the sale of said property to him was arbitrary and without good cause; and further, that such refusal by the Defendant was through no fault of the Plaintiff, its officers or employees.
“14. That in all respects, Plaintiff has faithfully and fully complied with the terms and conditions of the aforesaid agreement.
“15. That according to the terms of said agreement Defendant has agreed to pay Plaintiff, at the time of the auction, (6%) six percent of the highest and best bid price of the said real estate in full settlement of the services and expenses of Plaintiff, but despite repeated demands for payment, Defendant has failed and refused to pay the same.
“WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of Seven Thousand Three Hundred Twenty Dollars ($7,320.00) together with costs and interest.”
No extended discussion appears necessary. The plaintiff stated a cause of ac *578 tion. It alleged a contract, performance and nonpayment. It was shown that the plaintiff incurred the required expenses, including extensive advertisements, and conducted the auction sale. It is most significant that the auctioneering company was entitled to its compensation, according to the contract, “at the time of the auction”. The auction sale produced a purchaser alleged to have been ready, able and willing to buy the property at a price of $122,000, and ready to negotiate a contract for such purchase. The seller allegedly refused to negotiate the sale at that price. The contentions of the ap-pellee that the auctioneer’s compensation would not be earned until a sale was made or closed, and that his claim to compensation is barred by the statute of frauds are unsound. The auctioneer had performed when it conducted the sale and obtained a fair and substantial bid. Under the contract its pay was then earned and due. The fact that there may have been terms to negotiate between the buyer and the seller before a sale could he closed at the bid price was no reason to abrogate the term of the contract by which the auctioneer was entitled to be paid for his services in holding the sale. For all that appears, the purchaser may have been willing to buy the property for all cash, needing to negotiate only as to an abstract showing title, necessary prorations, and time for closing. Under the wording of the contract entered into between the owner and auctioneer, it must be assumed the seller would be willing to extend some reasonable terms to the highest bidder. There was no showing on the face of the complaint that the buyer would demand unusual or unreasonable terms. Therefore, on authority of Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 169 A.L.R. 600, I would reverse the order dismissing the amended complaint.
Moreover, if it be assumed that the plaintiff did not make out a case for recovery of the full compensation of 6% of the highest bid under the contract, it sufficiently appears that plaintiff incurred the expenses called for by the contract and performed services thereunder, and on the authority of Moylan v. Estes, Fla.App. 1958, 102 So.2d 855, a cause of action was stated to recover such expenses and the value of such services on quantum meruit.

. The property involved was described in the amended complaint thusly:
“That certain commercial property located at 7725 Biscayne Boulevard, Miami, Florida, said property is located on the East side of Biscayne Boulevard and abuts on Little River on the North side and on 77th Street on the South side; Said property being approximately 200' x 200' with a three story concrete block structure located thereon.”