PEARSON, Judge.
The appellant is a real estate broker. He appeals a final judgment entered in favor of the defendants after a trial before the court without jury upon his claim for a brokerage commission. The appellees are the former owners of the property sold. We reverse upon a holding that the trial judge applied an erroneous rule of law to the fajcts of the case.
The issues to be tried were implicit in the complaint. The complaint alleged: (1) appellant’s employment to find a purchaser ready, able and willing to buy appellees’ condominium apartment upon terms acceptable to the appellees, (2) appellant’s production of such a purchaser, and (3) the actual sale to the purchaser upon the acceptable price and terms.
At the conclusion of the trial, the trial judge announced that he accepted the facts *821 as alleged and testified to by the plaintiff-appellant, but that he could not enter judgment for the plaintiff-appellant because of a rule of law which required the production of a signed offer to purchase in order to establish that a prospective purchaser was ready, able and willing to purchase upon stated terms. This presumed rule is incorrect. The correct rule is the basis for the holding in Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384, 385-86 (1945). In the Knowles case, the court stated the rule as follows:
■‘The weight of authority is to the effect that where a broker in good faith and in reliance upon his contract procures a purchaser ready, able and willing to buy the property in accordance with the terms fixed by the seller, and before the broker can effect the sale or procure a binding contract of purchase the seller defeats the transaction, not for any fault of the broker or purchaser but solely because the seller will not or cannot complete the transaction, then and in such case the broker is entitled to his commission, if the customer remains ready, able and willing to purchase, although the sale has not been fully completed; the strict terms of the contract between principal and broker as to completing the sale or procuring a binding contract of purchase from the customer being deemed waived by the principal.”
[Emphasis supplied]
The record on this appeal contains competent and sufficient evidence upon which the trial judge could have found that the defendants-appellees as owners first rejected appellant’s orally transmitted offer from the ultimate purchaser but then quickly entered into contract and sold the condominium to him upon substantially the same terms. If the trial court should determine that this is what transpired, then it should find under the quoted rule that the owners waived the submission of a signed offer in writing.
Reversed and remanded for a new trial.