285 So.2d 676 (1973)
Beatrice R. WARTER, Appellant,
v.
BANCROFT HOTEL ASSOCIATES, Appellee.
No. 73-37.
District Court of Appeal of Florida, Third District.
October 16, 1973.
Rehearing Denied December 7, 1973.
Hylan H. Kout, Miami Beach, for appellant.
Weiner & Rubin, Miami for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of an adverse summary judgment entered in favor of defendant-appellee in an action to recover a real estate brokerage commission.
Plaintiff-appellant, Beatrice Warter, a licensed real estate broker, was employed orally by Phil Levine, president of the defendant-appellee Bancroft Hotel Associates, Inc., to procure a customer for the Bancroft Hotel. At that time she informed Mr. Levine that she had a prospective purchaser, one Sidney Schwartz, whose offer in March 1971 to purchase was agreed to subject to the approval of the stockholders. Immediately thereafter plaintiff sent the following letter regarding her commission to the defendant:
 "March 9, 1971
 "Mr. Phil Levine,
 "Bancroft Hotel,
 "1501 Collins Ave.,
 "Miami Beach, Fla.
"As per our conversation over the phone, regarding a possible sale of the Bancroft Hotel by this office. I wish to assure you that our office will expect a commission to be paid to us only if a formal contract is drawn, agreed upon and signed by all parties, and the transaction is fully consummated and delivered to the purchaser. [Emphasis supplied]
 "Very truly yours,
 "/s/ Beatrice R. Warter
 "BEATRICE R. WARTER, Realtor"
*677 Approval of the March 1971 offer by the stockholders not having been obtained, negotiations continued[1] until February 11, 1972 at which time an oral agreement was reached whereby Mr. Schwartz agreed to purchase the hotel for $1,400,000 in cash and plaintiff agreed to a $25,000 commission. On February 28, 1972 the parties met again to confirm the above oral agreement. Irwin Weiner, an attorney and stockholder of the defendant corporation, said he would draw a contract and thereupon Mr. Schwartz returned to Kansas City. Thereafter at Mr. Weiner's request, plaintiff dispatched to him the following letter concerning her commission:
 "March 2, 1972
 "Atty Irwin Weiner,
 "Ainsley Bldg.,
 "14 N.E. 1st Ave.,
 "Miami, Florida.
 "Re: Sale of Bancroft Hotel
"Dear Mr. Weiner:
"As per our conversation over the phone today we wish to confirm to you that the commission, in the amount of $25,000.00 (Twenty-Five Thousand Dollars) for the sale of the Bancroft Hotel, shall be paid only if and when this transaction shall be fully consummated and the property is legally delivered to the purchasers. [Emphasis supplied]
 "Very truly yours,
 "/s/ Beatrice R. Warter
 "BEATRICE R. WARTER, Realtor
 "Irvin Sherman Realtor
 "/s/ Irvin Sherman
 "by B.R.W.
 "/s/ B.R. Warter
 "BRW:LS"
No contract was drawn or deposit made and subsequently Irwin Weiner advised the plaintiff that he had found another purchaser who was willing to pay $25,000 more for the hotel than was agreed upon by the parties, and further requested that she inform Mr. Schwartz and urge him to pay an additional $25,000. Mr. Schwartz refused and, thereafter, defendant entered into a contract for the sale of the hotel with the other purchaser. Thereupon, plaintiff initiated suit claiming a commission. Defendant filed a motion for summary judgment which after hearing thereon was granted in its favor. From that final summary judgment plaintiff takes this appeal.
Plaintiff-appellant contends that her entire work was done and completed when she produced the defendant, a customer who was ready, willing and able to purchase the hotel of the defendant at a price fixed and agreed upon, and thus she then became entitled to her commission.
The general rule is "that where a broker in good faith and in reliance upon his contract procures a purchaser ready, able and willing to buy the property in accordance with the terms fixed by the seller, and before the broker can effect the sale or procure a binding contract of purchase, the seller defeats the transaction, not for any fault of the broker or purchaser but solely because the seller will not or cannot complete the transaction, then and in such case the broker is entitled to his commission, if the customer remains ready, able and willing to purchase, although the sale has not been fully completed." Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (1945).
However, in Hanover Realty Corporation v. Codomo, Fla. 1957, 95 So.2d 420, the Supreme Court of Florida held that in the face of a specific agreement to the contrary, the rule in Knowles, supra, is not applicable.
Thus, we are presented in this appeal with the basic question of which is applicable to the facts in this case, the general rule or the exception thereto as pronounced in Codomo, supra.
After a reading of the plaintiff's letters of March 9, 1971 and March 2, 1972 it is readily apparent that this case falls within the exception to the rule set forth in Codomo. The language expressed in *678 these two letters, written and signed by the plaintiff herself, a duly licensed real estate broker, clearly put her on notice that she might expend both effort and substance in vain. See Mark v. Hahn, Fla. 1965, 177 So.2d 5. Further, the astuteness of the proverbial "Philadelphia Lawyer" was not required to determine from a reading of the above letters that the seller intended to reserve unto himself the right to change his mind or back out arbitrarily at any time he might see fit and thereby avoid payment of a commission. See Curran & MacDonell, Inc. v. Pearre, Fla.App. 1967, 202 So.2d 858. In short, the commission agreement in the instant case was precisely formulated, explicit, positive, direct, readily understood by a layman, and admitted of no misunderstanding. Mark v. Hahn, supra.
Accordingly, for the reason stated hereinabove, the judgment of the lower court is affirmed.
Affirmed.
NOTES
[1] The listing being changed from a sale of the hotel to a sale of the stock and then back again to the sale of the hotel.