PER CURIAM.
This is an action seeking payment of a $20,000.00 real estate broker’s commission.
Following a hearing, the trial court entered a final judgment in favor of the defendant, the prospective seller of the property involved in this case.
The court found that the brokerage contract entered into between the parties provided that if the sale was not consummated for any reason other than the seller’s default, the broker would not be entitled to his commission.
Further, the court found that the sale did not close because the purchaser maintained that a title defect to the east 35 feet of the subject property rendered the property unmarketable.
Finally, the court determined that title to the east 35 feet was unmarketable, “but that the only reasonable meaning to be given to the word ‘default’, reading the contract in its entirety, is that the nature of the default contemplated by the parties was some willful act done by the defendant to *698 defeat the passing of the title, and the consummation of the sale.”
We have carefully considered all of the points raised by the parties in their briefs and arguments of counsel in light of the record and controlling principles of law, and have concluded that no reversible error has been shown.
We are of the opinion that the trial court’s findings are supported by the record and the law. See, Murray Apfelbaum, Inc. v. Topf, 104 N.J.L. 343, 140 A. 295 (N.J.App.1928); Cf., Warter v. Bancroft Hotel Associates, Fla.App. 1973, 285 So.2d 676. Therefore, the judgment appealed is affirmed.
Affirmed;