312 So.2d 499 (1975)
Charles HOPKINS, D/B/a C & J Hopkins Realty, Appellant,
v.
GIBSON FURNITURE, INC., a Florida Corporation, Appellee.
No. 74-1235.
District Court of Appeal of Florida, Second District.
May 14, 1975.
James W. Bauman of Gormin, Geoghegan, Easley, Granese & Bauman, Clearwater, for appellant.
Leon Whitehurst, Jr., of Whitehurst & Browder, Clearwater, for appellee.
*500 GRIMES, Judge.
Appellant (Hopkins) appeals the entry of a summary judgment against him on his claim for a real estate commission.
Appellee (Gibson) gave Hopkins an exclusive listing to sell his furniture store for $195,000. Hopkins then obtained from Dickerson an oral offer to buy the store for $170,000. According to Hopkins he communicated the terms of this offer to Gibson and was advised that the price as well as the other stated terms were acceptable. An attorney was requested to draw up a written contract of sale. After the contract was drawn, Dickerson met with Gibson but they were unable to reach an agreement, and neither party signed the contract. Gibson's president denied having agreed to anything other than the reduced price. He testified that the sale didn't go through because Dickerson backed down on his offer to provide security for the deferred balance of the purchase price.
Regardless of whether his contract of employment is to find a purchaser or to effect a sale, if a broker procures a customer ready, willing and able to purchase property on terms acceptable to seller, he is entitled to his commission if the transaction is not consummated due to the fault of the seller. Knowles v. Henderson, 1945, 156 Fla. 31, 22 So.2d 384. There was an issue of fact over whether Gibson agreed to the terms of Dickerson's offer. At this point in the proceedings, the rationale of McAllister Hotel v. Porte, Fla. 1957, 98 So.2d 781, did not apply because, according to Hopkins, both Dickerson and Gibson were in accord with respect to all of the material terms of the transaction. Therefore, Gibson was entitled to summary judgment only if it were shown that Dickerson later refused to sign a contract containing these terms.
If this were a trial, Gibson's version would prevail because Hopkins wasn't present at the meeting between Dickerson and Gibson and the record only contains Gibson's version of that meeting. However, this was a hearing on summary judgment, and the burden was on Gibson to show conclusively that no material issues remained for trial. Visingardi v. Tirone, Fla. 1966, 193 So.2d 601. The case could not be resolved on summary judgment without the testimony of Dickerson, or if this was unavailable, that of the attorneys who also attended the meeting. See Matarese v. Leesburg Elks Club, Fla.App.2d, 1965, 171 So.2d 606.
Reversed.
BOARDMAN, A.C.J., and SCHEB, J., concur.