BASKIN, Judge.
Whether a real estate broker produced a ready, willing, and able buyer for property so as to be entitled to a commission is the issue to be determined in this appeal from an adverse final judgment in an action to recover brokerage fees. The trial court found that appellants produced a ready, willing, and able buyer. Appellants were not entitled to a commission, said the court, since the prospectus was silent concerning existing mortgages, leading the court to conclude no agreement existed. The court also found that the buyer’s offer was subject to the approval of the sellers’ partners. We disagree and reverse.
A broker employed to find a buyer is entitled to a commission if he produces a ready, willing, and able purchaser. Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (Fla.1945); Wilder v. Burton, 317 So.2d 776 (Fla.3d DCA 1975); Mogul v. McClaskey Realty, Inc., 309 So.2d 254 (Fla.4th DCA 1975). Regardless of whether the employment contract requires the finding of a purchaser or a sale, the broker is entitled to a commission if the seller is responsible for the failure to consummate the sale. Knowles v. Henderson, supra; Hopkins v. Gibson Furniture, Inc., 312 So.2d 499 (Fla.2d DCA 1975).
The record reflects, and the trial court found, that the broker produced a ready, willing, and able buyer prepared to pay the asking price and the terms set forth in the written prospectus furnished by ap-pellee’s comptroller. Although the trial court was concerned with the terms relating to existing mortgages, the buyer and the seller were able to resolve those questions and reach an agreement. The sale was refused when the seller withdrew its property from the market.
At all times, the broker dealt with two general partners, Mr. Zaremba and Mr. Ya-nowitz. The necessity of confirmation by the entire partnership was not mentioned until after the broker presented a buyer.
*230 For these reasons, we hold that the broker is entitled to its commission. We reverse the decision of the trial court and remand the cause with instructions that a judgment be entered in favor of appellants.