ANSTEAD, Judge.
This is an appeal from a summary final judgment holding that the appellant, a real estate broker, was not entitled to a commission from the appellees with reference to the appellant’s efforts to effect a sale of property owned by the appellees.
The parties entered into a written brokerage agreement pursuant to which the appel-lees would pay the appellant a fixed amount as a commission if the appellant effected a sale of appellees’ property upon terms and conditions agreeable to appellees. The commission was to be paid in installments out of the proceeds of the sale. Subsequently, the appellant produced a prospective purchaser who apparently was willing to purchase the property. In fact, there is evidence that the appellees actually executed an agreement for sale with this purchaser.[1] However, the appellees submitted uncontradicted proof that this agreement had been executed only as a gesture of good faith in negotiating, and that the copy of the agreement furnished to the purchaser’s representative was not the final agreement of the parties; other conditions required by the appellees would have to be met before a final agreement could be reached. The ap-pellees also submitted proof that these conditions were never met and that, as a result, the sale was never actually consummated.
The appellant concedes that a binding sales agreement was never executed. However, he points to evidence that the additional conditions imposed by the appellees had been orally accepted by the purchaser, but that the appellees then arbitrarily refused to go forward with the negotiations and execute an agreement for sale. Based on this evidence that the purchaser was willing to meet the appellees’ terms, the appellant contends that the trial court erred in entering a summary judgment denying his entitlement to a commission.
In Malever v. Livingston, 95 Fla. 272, 275-76, 116 So. 15, 17 (1928), the court held that a broker employed to effect a sale must, at the very least, secure a binding contract of sale from a purchaser on terms authorized by the property owner before the broker will be entitled to his commission:
In the leading case of Wiggins v. Wilson, 55 Fla. 346, 45 So. 1011, it was held that a broker employed to sell, as distinguished from a broker employed to find a purchaser, [emphasis in original] is not entitled to compensation until he “effects a sale or procures from his customer a bind *1245 ing contract of purchase within the terms of his authority.” In the opinion, by Mr. Justice TAYLOR, it is also said that, as to a broker employed to sell, he “not only finds a purchaser, but negotiates the sale with him on the terms authorized by his principal, leaving nothing for the seller to do but execute the necessary transfer of the title to the property.” We think this means something more than that the broker who is employed to sell fulfills his contract of employment and becomes entitled to his commission, by merely finding a purchaser, ready, able and willing to buy on the terms fixed by the principal and producing him to the owner, or by introducing to the owner a customer who has verbally agreed to buy at the price named by the principal and who, when brought to the principal, verbally agrees with him on all the terms of sale, and even makes a payment of earnest money — pays something on purchase price. It means, as applied to the facts pleaded in this case, and as a general rule in the absence of contractural stipulations otherwise that the broker must have effected a completed sale of the property, pursuant to the broker’s authority, i.e., the deed must have been executed and delivered by the seller and the proper cash payment made and mortgage and note or notes executed and delivered by the purchaser for the balance; or, the broker must have “procured from his customer a binding contract of purchase within the terms of his authority,” i.e., a written contract which the principal could enforce, leaving nothing for the principal to do on his part but to execute at the proper time the necessary transfer of the title to the property.
Notwithstanding its declaration of this strict standard of performance, the court, in a reappearance of the same case, Livingston v. Malever, 103 Fla. 200, 137 So. 113 (1931), recognized an exception to the rule. In Knowles v. Henderson, 156 Fla. 31, 34, 22 So.2d 384, 385-86 (1945), the court elaborated on this exception:
[T]he general rule stated is not without exception. The weight of authority is to the effect that where a broker in good faith and in reliance upon his contract procures a purchaser ready, able and willing to buy the property in accordance with the terms fixed by the seller, and before the broker can effect the sale or procure a binding contract of purchase the seller defeats the transaction, not for any fault of the broker or purchaser, but solely because the seller will not, or cannot, complete the transaction, then and in such case, the broker is entitled to his commission, if the customer remains ready, able and willing to purchase, although the sale has not been fully completed; the strict terms of the contract between principal and broker as to completing the sale or procuring a binding contract of purchase from the customer being deemed waived by the principal.
In the current case, appellant’s evidence that a binding agreement was not reached only because of the refusal of appellees to go forward with the sale after all conditions had apparently been approved by the purchaser, would appear to be sufficient under Knowles to withstand appellees’ motion for summary judgment. However, because of the particular provisions of the brokerage agreement involved herein we do not believe the Knowles exception applies.
The brokerage agreements involved in Knowles and Livingston contained the basic terms of sale, including the purchase price that the property owners were willing to accept for his property. On the other hand, the brokerage agreement in question here contained no listing price or other terms of sale. Instead the agreement provided for a commission “upon condition that REALTOR effect a sale of THE GULF BUILDING ... upon terms and conditions” agreeable to appellees. This agreement reserved to the property owner discretion in setting the conditions upon which he would sell his property. Implicit in such a reservation of discretion is the right to withdraw from a proposed sale at any time until a binding agreement has been reached. Leon Realty, Inc. v. Bradwell, 271 *1246 So.2d 771 (Fla. 1st DCA 1972).[2] Under such circumstances we believe the broker is on notice that he will not be entitled to a commission until the seller has actually agreed to terms by entering into a binding agreement to sell with the prospective purchaser.[3]
Support for our conclusion may also be inferred from Restatement (Second) of Agency § 445, comment d (1958):
When the principal has furnished the broker with only part of the terms, with the understanding that further details are subject to negotiation between the principal and the customer, the principal, unless acting in bad faith (see § 454), is free to terminate such negotiations without liability to the broker. The principal’s promise to pay the broker a commission does not become binding unless the principal and the customer reach a present definitive oral or written agreement. The broker has not earned his commission, even though the principal and the customer have drafted a memorandum of their proposed agreement, if they did not intend such proposed agreement to be presently binding upon them and hence reserved signature of the memorandum for a later occasion; at this point, if either the principal or customer withholds such final consent, no commission is due.
It is undisputed here that the seller did withhold his “final consent” and, accordingly, that no commission is due.
We also note that there is no contention in this case that the property owner in any way defrauded the broker. It is not claimed for instance that the property owner initially refused to go through with the deal and then later sold the property to the same prospective purchaser originally secured by the broker. The evidence simply indicates that the negotiations never resulted in a binding agreement between the buyer and seller. Under these circumstances we do not believe the broker is entitled to recover a commission.
Accordingly, the judgment of the trial court is affirmed.
BERANEK, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.

. The appellant’s amended complaint, which is the pleading upon which summary judgment was entered, specifically relies on the execution of this agreement as the predicate for appellant’s entitlement to a commission. The un-contradicted proof submitted by the appellees as to the limited purpose for which this agreement was executed would appear to be sufficient in itself to defeat the broker’s claim. However, in the trial court and on appeal both parties have addressed the issue as if the appellant had amended his claim to include the circumstances discussed in the opinion as to the further conditions imposed by the appellees and the purchaser’s response to those conditions.

. Relevant facts in this case are:
At the time appellant submitted the option contracts to appellees’ attorney, it stated that its prospective purchasers would be willing to meet any terms which might be specified by appellees in the event the terms set forth in the proposed contracts were unacceptable. The record is silent as to whether such verbal offer was ever conveyed to appellees by their attorney. When appellees announced their intention to withdraw their land from the market and not sell it under any terms or conditions, appellant instituted this action for recovery of a brokerage fee which it claims it earned and is due it under its brokerage contract.
Leon Realty, Inc. v. Bradwell, 271 So.2d 771, 773 (Fla. 1st DCA 1972).

. We also note that the Knowles rule is not to be followed if the broker’s contract has a specific clause to the contrary (e.g., the right to.a commission accrues only when the contract is executed). Hanover Realty Corp. v. Codomo, 95 So.2d 420 (Fla. 1957). In Mark v. Hahn, 177 So.2d 5, 8 (Fla. 1965), the Supreme Court of Florida stated:
We think the “specific agreement” to which we referred in Codomo should be expressed in language which would be readily understood by a layman and leave no room for doubt. The specificity of such an agreement should be precisely formulated, explicit, positive, direct and should admit of no misunderstanding. The agreement should clearly put the lay-broker on notice that he might expend both effort and substance in vain.
The clause in the contract here under consideration provides that the commission would be paid out of the proceeds of the sale. While it is unnecessary to decide if this provision alone is sufficiently explicit to advise the broker of the necessity of a sale before he may be entitled to his commission, and we do not bottom our decision on this issue, the clause should put him on notice that, without a consummated sale, the seller would have no funds with which to pay his fee. This clause is consistent with our conclusion that the parties did not intend for the seller to become liable for a commission unless a binding agreement was executed or a sale actually effected.