ANSTEAD, Judge.
This is an appeal from a final judgment of the trial court awarding a real estate broker damages in the full amount of his commission by reason of the owner’s breach of the commission contract. The property owner, Harry Ward, has raised four issues on appeal, all directed to the sufficiency of *73 the evidence to support the findings of the trial court. We affirm.
Ward entered into a written exclusive right of sale agreement with real estate broker James R. Branch in April, 1980. The agreement was for a term of one year. Ward promised to pay a commission of ten percent of the selling price upon Branch’s “finding a purchaser” for the property. The consideration promised by Branch was his diligent promotion of the property for sale. The agreement granted Branch “the exclusive right and authority to sell the property” at the price and on the terms specified in the contract or at any other price or terms acceptable to Ward.
The record reflects extensive efforts by Branch to sell the property. Branch produced two contracts in the first weeks of July, 1980. Neither was acceptable to Ward. Then Ward began to make inquiries in the area about other properties and their sale or development. One appraiser advised him that this was a tremendous growth area and that his property had a fair market value in excess of the $2,000,000 set out in the listing agreement. Subsequently, on September 17, 1980, Ward sent Branch a telegram removing the property from active sale.[1] Branch, however, continued to pursue his efforts for a sale, and, on October 6, 1980, Branch secured a purchaser for the property and an executed contract that Branch asserted was in full compliance with the terms of the exclusive listing agreement.
Ward rejected the contract, and Branch then sued for breach of contract seeking damages in the amount of the commission he would have received had a sale been effected. Ward denied that Branch was entitled to a commission and affirmatively asserted that Branch had been guilty of fraud and breach of fiduciary duty, and that the contract had been terminated before Branch secured a purchaser. Ward also counterclaimed for rescission or cancellation of the contract. The trial court found for Branch on all issues and awarded him damages in the amount of the full commission. Ward claims on appeal that the trial court erred in holding: that the contract had not been terminated; that Branch had produced a purchase offer meeting the terms of the agreement; that Branch had not breached his fiduciary duties to Ward; and that Branch was entitled to the full amount of the commission as damages.
Under general rules of agency, applicable to all brokerage agreements, the principal possesses the power to revoke at any time. That is, he has the power to terminate the agent’s authority to deal with third parties on the principal’s behalf. However, whether he has the right to do so without incurring liability depends on the terms of the contract he has made with the broker. 12 Am.Jur.2d Brokers § 58 at 816. See Mark Realty, Inc. v. Tilman A. Rogness, 418 So.2d 373 (Fla. 5th DCA 1982), involving a contract almost identical to the one involved herein. For example, the principal may specifically reserve the right to withdraw his property from the market or to veto a proposed sale for any reason. Absent such a provision, however, the owner has impliedly agreed to go forward with a sale if a purchaser is produced within the term of the brokerage contract. Id.
The listing agreement involved herein contained no provision authorizing the owner to withdraw at any time. However, Ward claims that Branch misrepresented the value of the property to him and fraudulently induced him into executing a contract for a sales price less than the property was worth. For these reasons, Ward asserts that he had a right to terminate the contract. Branch, of course, denied any fraud or misrepresentations, hence the issue was not uncontested. The trial court found that the proof was insufficient to sustain Ward’s claims and there is substantial corn- *74 petent evidence to support this finding. Having failed to establish a basis in law for terminating the contract, Ward is liable for his breach.
Alternatively, Ward claims that Branch’s damages should be limited to the reasonable value of the services he actually performed and costs incurred before Ward terminated the agency. We cannot agree. It is a well-established principle of law that one who prevents the happening of a condition precedent upon which his liability is made to depend, cannot avail himself of his own wrong and thereby be relieved of his responsibility to perform under the contract. In Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (Fla.1945), Henderson’s contract with Knowles required that Henderson actually consummate a sale of Knowles’ property. However, when Henderson produced a purchaser, Knowles refused to convey title, rendering Henderson’s performance impossible. Under these circumstances, the Florida Supreme Court held that Henderson was entitled to claim the entire amount of the commission as damages despite the fact that no sale actually took place:
The weight of authority is to the effect that where a broker in good faith and in reliance upon his contract procures a purchaser ready, able and willing to buy the property in accordance with the terms fixed by the seller, and before the broker can effect the sale or procure a binding contract of purchase the seller defeats the transaction, not for any fault of the broker or purchaser but solely because the seller will not or cannot complete the transaction, then and in such case the broker is entitled to his commission, if the customer remains ready, able and willing to purchase, although the sale has not been fully completed; the strict terms of the contract between principal and broker as to completing the sale or procuring a binding contract of purchase from the customer being deemed waived by the principal.
Knowles, 22 So.2d at 385. Also see Quantum Realty, Inc. v. Lauderhill Apt. Investors, Inc., 391 So.2d 228, 229 (Fla. 3d DCA 1980); and Royal Netherlands Realty, Inc. v. Ross, 421 So.2d 642 (Fla. 3d DCA 1982).
The principle of Knowles and its progeny are also applicable here. In our view it is not significant that Ward removed his property from the market before rather than after appellee produced a purchaser. Ward specifically agreed to pay Branch a specified amount if Branch would produce a purchaser within one year. There is proof that Branch not only could have produced such a purchaser, but that he actually did so within the term of the contract. But for Ward’s unwillingness to sell, Branch would have received his commission. Under Knowles the appellee is entitled to damages in the amount of the full commission under the contract. This proposition was succinctly stated in Hilgendorf v. Hague, 293 N.W.2d 272 (Iowa 1980), a case involving issues remarkably similar to those involved herein:
Where as here the principal terminates an exclusive listing within the term, the agent may endeavor to show that he would, but for the termination, have sold the property within the unexpired period at the listed price. If he is successful in his proof, his lost profits are ordinarily measured by the commission he would have earned. He does not recover the commission itself, but his damages are measured by the commission.
Hilgendorf, at 276.
We have also reviewed the evidence before the trial court of the terms of the purchase offer secured by Branch compared to the terms provided in the listing agreement and we find no basis therein for overturning the court’s conclusion that the offer met the terms of the listing. Similarly, we find no basis for overruling the trial court’s finding that Branch did not violate any fiduciary duties owed to Ward.
Having considered the issues raised by the appellant and finding no reversible error, we affirm the judgment of the trial court.
HURLEY, J., and SHAHOOD, GEORGE, Associate Judge, concur.

. Appellant sent appellee the following telegram:
Based upon mutual misunderstanding as to the terms of our exclusive right of sale contract do not accept any further offer until these matters are straightened out. Immediately remove property from active sale and notify other cooperating brokers accordingly.