550 So.2d 74 (1989)
David LEHR, et al., Appellants,
v.
BARON's OF SURFSIDE, INC., Appellee.
Nos. 88-297, 88-302.
District Court of Appeal of Florida, Third District.
September 12, 1989.
As Clarified on Denial of Rehearing November 9, 1989.
Black and Black, Coral Gables, Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin and Joel D. Eaton, Miami, for appellants.
Daniel Mones and Frank M. Marks, Miami, Ilovitch & Manella and Joseph Klapholz, Hollywood, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
SCHWARTZ, Chief Judge.
The sellers appeal from a money judgment entered after a jury verdict finding that the appellee real estate broker was entitled to a commission. The property in question was in fact sold to one of the owners, Breakstone, upon his exercising a right of first refusal to purchase under a contract signed by other prospective purchasers who were not produced by the appellee. See Lehr v. Breakstone, 472 So.2d 1333 (Fla. 3d DCA 1985). It is undisputed, therefore, that the appellants did not in fact sell the property to the present broker's customers, who were from New Orleans, or in accordance with the terms of the contract they had executed. Cf. Royal *75 Netherlands Realty, Inc. v. Ross, 421 So.2d 642 (Fla. 3d DCA 1982).
The broker contends, however, that under the rule of Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (1945), it is entitled to a commission for producing prospective purchasers who were in fact ready, willing and able to buy on the seller's proposed terms. While the factual foundation of the appellee's position is correct, it cannot succeed under the applicable law. This is because the parties executed a brokerage agreement which specifically provided, contrary to the ordinary rule contained in Knowles, that no commission was due until and unless a sale to the broker's principal actually took place. It stated:
It is agreed that Baron's of Surfside Incorporated, Realty shall have as to this purchaser an open, non-exclusive listing. In the event that a contract is executed and a closing consummated with your prospective purchaser on terms and at a price acceptable to the owners of the Palms on the Ocean Hotel, Baron's of Surfside Incorporated, Realty shall be entitled to a broker's commission equal to 6% of the sales price. This broker's commission shall only be paid from sales proceeds received at closing. In the event that no such closing takes place as to this prospective purchaser, no such commission shall be earned. The name of the prospective purchaser will be sent registered in advance by Baron's. This open, non-exclusive agreement shall not prevent the owners from selling the property to any other purchaser. A broker's commission shall only be due and payable to the undersigned broker in the event of a sale and closing to this broker's purchaser named above. [e.s.]
Since no thus required sale took place, this provision precludes the application of the Knowles "ready, willing and able" doctrine and therefore the broker's ability to recover as a matter of law. See Hanover Realty Corp. v. Codomo, 95 So.2d 420 (Fla. 1957); Harding Realty, Inc. v. Turnberry Towers Corp., 436 So.2d 983 (Fla. 3d DCA 1983); Harbour Inn, Inc. v. Kagan, 343 So.2d 1353 (Fla. 2d DCA 1977); Warter v. Bancroft Hotel Assoc., 285 So.2d 676 (Fla. 3d DCA 1973); Curran & MacDonell, Inc. v. Pearre, 202 So.2d 858 (Fla. 1st DCA 1967).
While the broker contended below that a valid novation of this agreement had taken place, it is obvious, and the appellee apparently agreed at oral argument, that the legal requirements for such a substituted contract were not established. See Bullock v. Harwick, 158 Fla. 834, 30 So.2d 539 (1947) (unambiguously expressed "mutual assent"); Miami Nat'l Bank v. Forecast Constr. Corp., 366 So.2d 1202 (Fla. 3d DCA 1979) (consideration for new agreement).
Accordingly, the judgment is reversed with directions to dismiss the complaint.
Reversed.