TILLMAN PEARSON, Judge.
The defendant, appellant, who was the owner of certain real estate suffered a summary final judgment against her and in favor of the plaintiff, a real estate broker, who claimed a commission. The defendant entered into a written agreement for an exclusive listing with the plaintiff to sell her property for $25,000, all cash. Upon the basis of the listing agreement, together with proof that the plaintiff had produced a purchaser who executed a deposit receipt contract in accordance with the listing agreement, the lower court entered the summary final judgment which is the subject of this appeal.
The appellant, owner, urges here that there was a genuine issue of material fact as to whether the purchaser was ready, willing and able to buy in accordance with the written listing. Our review of the record before the trial judge at the time that he entered the summary judgment reveals no such issue. Appellant’s contention seems to be based upon an idea that the purchaser could not have produced all cash at closing because he admitted upon deposition that he inténded to secure part of the money by a purchase money mortgage for which he had a commitment from a bank. It is not the concern of the seller as to where the purchaser intends to obtain the money that he has bound himself to produce. The purchaser in this instance was shown to be a man of substance and there is nothing in this record to raise an issue as to his ability to produce the purchase money in accordance with the terms of the listing agreement.
The Supreme Court of Florida held in Perper v. Edell, 160 Fla. 477, 35 So.2d 387 (1948):
“A broker producing a purchaser financially able is not required to show that the purchaser is then standing outside of the office door with all the cash in hand required to pay for the property. If the purchaser is financially able to pay for the property within the time stipulated it is sufficient (Financially) 'able’ means that the proposed purchaser is able to command the necessary money to close the deal on reasonable notice or within the time stipulated by the parties. * * * ” 35 So.2d at 391.
The summary final judgment is affirmed upon authority of Perper v. Edell, supra. Cf. Mark v. Hahn, Fla. 1965,-So.2d-[opinion filed February 17, 1965].
Affirmed.