PER CURIAM.
Defendant-appellant Furnari appeals a final judgment entered upon a jury verdict assessing $9,500.00 as damages in favor of plaintiff-appellee Goodman in his suit for breach of an oral contract whereby appel-lee, a mortgage broker, was employed to obtain approximately One Million Dollars construction financing for a proposed apartment house.
At issue here is the admissibility of certain evidence and denial of motions for directed verdict for the defendant. We reverse with directions.
Testimony was in conflict as to whether the appellant-defendant accepted the mortgage loan commitment from Church of Christ Manors, Inc. by its subsidiary, the Cultural, Education & Research Foundation, Inc. Testimony was also conflicting as to whether a commission would not be payable until the commitment was honored, and the money deposited, which admittedly would not occur for some time.
Appellant-defendant attempted to prove that the commitment was not and could not be honored through proffer of a duly authenticated copy of a final judgment of the United States District Court, Northern District of Illinois finding that the lender had made fraudulent misrepresentations of assets and enjoining such lending in interstate commerce.
First, the lower court erred in holding that the duly authenticated copy of the final judgment of the United States District Court was inadmissible to prove the existence and legal effect of the final judgment where such evidence was relevant to the issues in the case, particularly the financial ability of the lender. Perper v. Edell, 160 Fla. 477, 35 So.2d 387, 391.
Moreover, the court erred in denying the defendant’s motion for directed verdict where the plaintiff suing upon an oral brokerage commission, failed to produce evidence showing that the mortgage loan commitment was “bankable,” i.e., that banks would loan money on the basis of the commitment or that the lender was financially able to honor it. The general rule applied in real estate commissions is applicable here, that some proof is required to show that the purchaser, in this case the lender, is financially able to command the necessary money to close the deal on reasonable notice at the time stipulated. Perper v. Edell, 160 Fla. 477, 35 So.2d 387, *505 391; see also: Cunningham v. Mitchell, 374, F.2d 356, 358-359 (5th Cir., 1967). The injunction, issued by the United States District Court, until it was dissolved or superseded, would obviously render the commitment totally unacceptable to any Florida bank or other banking institution asked to make a construction loan on the basis of such commitment; and by the express terms of the injunction would preclude the lender from acting in its own right.
Therefore, we reverse with directions to enter judgment for the defendant.
Reversed with directions.