283 So.2d 567 (1973)
A.W. SHARP, Appellant,
v.
Donald M. LONG, d/b/a Don Long Realty, Appellee.
No. 72-953.
District Court of Appeal of Florida, Fourth District.
October 12, 1973.
Edward Trader, Melbourne, and William P. Lewis, Columbus, Ohio, for appellant.
No appearance for appellee.
CROSS, Judge.
Appellant-defendant, A.W. Sharp, appeals a final judgment entered by the trial court granting the plaintiff, Donald M. *568 Long, d/b/a Don Long Realty, $6,500 compensation for brokerage services in a real estate transaction. We reverse.
The defendant, A.W. Sharp, sought to sell an improved plot of land which he owned in Brevard County. The defendant had listed the property with several realtors including the plaintiff, Donald Long, sometime before 1971. In early 1971 much correspondence was conducted between the plaintiff and the defendant. Essentially, Sharp indicated that he was still interested in selling the property and reiterated the price and terms he demanded on the property. On August 7, 1971, Long showed the defendant's property to a Mrs. Rowland. She agreed to the price and conditions set forth by the defendant-owner. Mrs. Rowland made a deposit on the property and agreed to return later in the day to execute the contract for sale. Long called Sharp and told him that a purchaser had been procured for the land at the requested price and terms. Sharp, acquiesced to the sale.
Shortly thereafter, Jack Cannon, the managing agent of the property, called Long and informed him that the lessees of the property owned an option to purchase the property. Upon return, the buyer, Mrs. Rowland, refused to sign a contract subject to an option clause. Mrs. Rowland did agree to purchase the property if the lessees released their option to buy. This release was never acquired and the transaction was never closed.
The plaintiff brought this suit to procure his commission on an agreement to find a purchaser for the defendant's land. The case was tried before the trial judge without a jury. The trial judge found for the plaintiff Long and determined that $6,500 was proper compensation. Final judgment was then entered for said amount, and this appeal followed.
The defendant's primary contention is that the plaintiff did not prove every element of his cause of action in that the plaintiff did not show that the purchaser, Mrs. Rowland, was financially able to consummate the purchase contract. No recitation of authority is necessary for the proposition that the burden of proof is on the plaintiff to establish by a preponderance of the evidence each element of his cause of action. In an action for a brokerage commission on a contract to procure a purchaser of real estate, the plaintiff-broker must prove that he procured a purchaser ready, willing and able to purchase the property uopn the terms and conditions specified in the contract of employment. MacGregor v. Hosack, 58 So.2d 513 (Fla. 1952). Therefore, it was incumbent upon the plaintiff to prove at trial that the purchaser produced by him was in fact financially able to make the purchase. To show purchasing ability it need not be shown that the purchaser is ready with cash in hand, but only that the purchaser is able to command the necessary money to close the transaction on reasonable notice or within the time stipulated by the parties. Perper v. Edell, 160 Fla. 477, 35 So.2d 387 (1948). Also, purchasing ability may be demonstrated by showing that the purchaser is a person of substance. Clark v. Keyes Co., 172 So.2d 847 (Fla.App. 1965).
In the case at bar, the plaintiff Long never offered any evidence that the purchaser, Mrs. Rowland, was financially capable of purchasing the land in question. She was never called to testify. No evidence was entered to show that Mrs. Rowland was a person of substance or was able to command the necessary money to buy the property. The only evidence even referring to Mrs. Rowland's financial position was the testimony by Long stating that Mrs. Rowland left a deposit on the property, and that she intended to pay cash for land. This is not sufficient evidence to prove that the plaintiff was financially able to make the purchase of the property.
We have considered the remaining points raised on appeal, and have determined them to be without merit.
*569 Accordingly, the final judgment in favor of the plaintiff is vacated and set aside, and the cause is remanded for a new trial.
Reversed and remanded.
OWEN, C.J., and WALDEN, J., concur.