299 So.2d 145 (1974)
Rosa CHANTON, Appellant,
v.
Sarah DRUCKER, Appellee.
No. 73-1240.
District Court of Appeal of Florida, Third District.
August 13, 1974.
Rehearing Denied September 6, 1974.
Swann & Glass, Coral Gables, Cushman & Cushman, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, David Drucker, Miami Beach, for appellee.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
This is an appeal by the defendant, Rosa Chanton, from an adverse verdict rendered in favor of Sarah Drucker in a suit brought by Drucker to recover a real estate broker's commission alleged to be due. The parties will be referred to in the position occupied by each in the trial court.
Sarah Drucker alleged in her complaint that the defendant, Rosa Chanton, had entered *146 into a verbal contract with her to obtain a purchaser for certain real estate for a designated sum of money. The plaintiff further alleged that pursuant to such verbal contract she came forth with a purchaser who "was ready, able and willing" to purchase said property for the purchase price of $325,000.
The defendant presented, among others, the issue of whether such proffered purchaser was financially able to purchase her property in accord with the alleged terms orally agreed upon.
Upon conclusion of the case the trial judge denied the defendant's motion for directed verdict. The jury returned its verdict for the plaintiff and against the defendant in the sum of $19,500.
An essential factor in the broker's suit for alleged breach of an oral contract to sell real estate and to pay a broker's commission, is the production by the broker of a buyer who is financially able to purchase the property in question upon the proposed terms and conditions of sale. The record in this case reveals that the plaintiff completely failed in carrying the burden of proof on this issue. On the contrary, it appears that the purchaser did not in any particular meet the measurement of one financially able to carry out the purchase of the subject property according to the terms and conditions of the alleged agreement. In the first instance he deposited with the broker a $1,000 check as earnest money, but retained control over such check, it being his testimony that the broker was not to deposit or cash the check unless and until the real estate transaction was completed. According to the alleged agreement the purchaser was to pay $100,000 as down payment. Admittedly he only had $85,000 and it was necessary for him to look to someone else for financial assistance. In this case he was looking to the plaintiff broker to advance for him a portion of her commission in order to raise the necessary down payment. The broker had no legal obligation to render financial assistance to him. There was no evidence presented to the jury to establish that the would-be purchaser had any financial support from a legally obligated source sufficient to carry forward the transaction according to the alleged terms of the agreed sale. The evidence establishes to the contrary.
The law is well settled in this state that before a realtor may be entitled to a conmission, some proof is required to show that the person who would be the purchaser is financially able to command the necessary money to close the deal on reasonable notice at the time agreed upon. See Furnari v. Goodman, Fla.App. 1970, 242 So.2d 503; Perper v. Edell, 160 Fla. 477, 35 So.2d 387, and 12 Am.Jur.2d "Brokers" § 184.
The trial court erred in denying defendant's motion for a directed verdict. Although other points raised on this appeal have merit it becomes unnecessary that this court belabor this opinion further. Therefore we reverse with directions to enter judgment for the defendant.