309 So.2d 254 (1975)
Max MOGUL, Appellant,
v.
McCLASKEY REALTY, INC., a Florida Corporation, Appellee.
No. 74-53.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
J. Richard Caldwell, Jr., and I. William McCollum, Jr., of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellant.
James A. Lowe of Hanlon & Lowe, Orlando, for appellee.
WALDEN, Judge.
This is a real estate commission case wherein the broker received judgment for $15,000. The owner appeals. We affirm.
Appellant's most cogent argument is directed toward the problem of whether plaintiff produced evidence to show that the purchaser was "able" to buy. The general rule is that a plaintiff broker to recover a commission must prove it produced a ready, willing and able purchaser, Perper v. Edell, 160 Fla. 477, 35 So.2d 387 (1948); Clark v. Keyes Co., 172 So.2d 847 (3d D.C.A.Fla. 1965).
Appellant cited to several cases for the proposition that the purchaser, Mr. Geiger's, ability to buy was not proven with specificity. These cases are distinguishable, and our decision harmonious with them.
In Lindquist v. Burklew, 123 So.2d 261 (2d D.C.A.Fla. 1960), the purchaser had renounced *255 the contract. The sellers alleged in their answer that the purchaser was not ready, willing and able to buy. There was no denial of the fact that the purchaser was unwilling. In this case there was no allegation of inability, and it was the seller, not the purchaser, who refused to honor the contract.
In Furnari v. Goodman, 242 So.2d 503 (3d D.C.A.Fla. 1970), the inability of a lender to perform was manifest by reason of a final judgment entered by a federal court. The facts are only analogous to real estate commissions, and the Furnari court said:
"The general rule applied in real estate commissions is applicable here, that some proof is required to show that the purchaser, in this case the lender, is financially able to command the necessary money to close the deal on reasonable notice at the time stipulated." (Emphasis added.)
No inability to close is suggested or reflected in this record.
In Sharp v. Long, 283 So.2d 567 (4th D.C.A.Fla. 1973), a prospective purchaser refused to sign a contract, claiming she would do so only if certain lessees of the subject property would release their option to buy. The Fourth District held it was incumbent upon the plaintiff broker to prove the purchaser was financially able to make the purchase. The court said:
"No evidence was entered to show that ... [the purchaser] ... was a person of substance or was able to command the necessary money to buy the property. The only evidence even referring to ... [her] ... financial position was the testimony . .. that ... [she] ... left a deposit on the property, and that she intended to pay cash for land." (Emphasis added.)
In the case at hand there is far more reference to and evidence of Mr. Geiger's substance, and, as the Sharp court noted:
"... purchasing ability may be demonstrated by showing that the purchaser is a person of substance. Clark v. Keyes Co., 172 So.2d 847 (Fla.App. 1965)." (Emphasis added.)
Indeed, it is the Clark case that controls this situation. That court held:
"The purchaser in this instance was shown to be a man of substance and there is nothing in this record to raise an issue as to his ability to produce the purchase money in accordance with the terms of the listing agreement." Id. at 848.
We find adequate evidence in the record that Mr. Geiger was an able buyer by reason of being a man of substance.
(1) The purchase price was raised by $15,000, to which Mr. Geiger agreed.
(2) The contract for purchase, dated September 29, 1972, was signed by defendant as seller and Mr. Geiger as buyer; it was witnessed by two persons.
(3) Mr. Geiger was a contractor of Geiger-Jones.
(4) Mr. Geiger employed engineers who inspected the property.
(5) The terms of the contract were firm:
(a) $165,000 sales price
(b) 29% down payment
(c) Note to carry balance at 7% per annum
(d) Cashier's check to be paid by purchaser at closing $42,850.
(e) Realtor's Commission  $15,000.
(6) A check for $15,000 was given by Mr. Geiger to the realtor.
(7) There was evidence Mr. Geiger could produce the closing amount of cash.

*256 (8) Upon being questioned as to whether Mr. Geiger was ready, willing and able to purchase, the witness' reply was stricken as a conclusion, but the court added:
"... The contract speaks for itself."
(9) A Mr. Burke, a participating realtor, testified he had a select clientele to which he "fed" choice properties. Mr. Geiger was one of these clients.
(10) Plaintiff did affirmatively contend Mr. Geiger was ready and able to buy; there was no rebuttal by defendant.
The phrase "man of substance" might be one subject to varying interpretations, but it inevitably conveys an idea of wealth, ability to deal in business ventures, and an ability to make do in an above average fashion:
"... (5) material possessions: Estate, Property, Resources 
In Perper v. Edell, supra, the Supreme Court specifically stated that the definition of an able buyer did not necessarily mean one who has cash in hand for a closing.
While we would agree that the proofs of Mr. Geiger's ability to purchase could have been more extensive, we feel, inasmuch as no issue was made of it in the trial court, that such proofs were adequate to support the presumptively valid appealed judgment. There is not even a hint of inability such as could be gleaned had he been the one to break the contract (as did the purchaser in Sharp v. Long, supra). It is entirely consonant with the law in this state and with Sharp v. Long, supra, to affirm the lower court award of fees to the plaintiff broker on the grounds it provided a ready, willing and able buyer for the defendant's property.
As concerns a complaint by defendant about certain evidentiary rulings, the receipt of hearsay was, at best, only harmless error. F.S. 924.33 (1973).
Affirmed.
LEWIS, ROYCE, Associate Judge, concurs.
CROSS, J., dissents with opinion.
CROSS, Judge (dissenting):
I respectfully dissent.
No recitation of authority is necessary for the proposition that the burden of proof is on the plaintiff to establish by a preponderance of the evidence each element of his cause of action. In an action for a brokerage commission on a contract to procure a purchaser of real estate, plaintiff-broker must prove that he has procured a purchaser ready, willing and able to purchase the property upon the terms and conditions specified in the contract of employment.
In the instant case I find absolutely no evidence in the record to show that the purchaser, Mr. Geiger, was financially able to purchase the real estate in question, notwithstanding any comments by the majority opinion.
I would, therefore, vacate and set aside the trial court's final judgment in favor of the appellee-plaintiff, McClaskey Realty, Inc., and remand the cause for a new trial.