PER CURIAM.
Plaintiff real estate broker appeals a summary judgment entered in favor of the individual defendants and a directed verdict for the corporate defendants in an action to recover a commission.
Keyes National Investors, Inc. filed a complaint to recover a real estate brokerage commission and named as defendants Pine-Cone Properties, Inc., Lauderdale Lakes Construction Co., The Village *108 Apartments, Sherman Chassen, Sylvia Chassen, Morton Pine and Ruth Pine. The complaint alleged (1) that defendants had retained Keyes to obtain a purchaser for the rental complex known as “The Village;” (2) that pursuant to the oral listing agreement, Keyes was to be paid 2% of the purchase price as a fee for its services; (3) that Keyes procured a purchaser, the Fusco Corporation, ready, willing and able to purchase the property for $10,750,000 to which defendants allegedly agreed; and (4) that defendants refused to pay Keyes the sum of $215,000, the agreed commission. The Village Apartments, Sherman and Sylvia Chassen, and Morton and Ruth Pine filed a motion for summary judgment on the grounds that they did not hold equitable or legal title to the property, and at no time did they enter into a contract with Keyes. This motion was granted and the cause proceeded to trial as to Pine-Cone Properties, Inc. and Lauderdale Lakes Construction Co. At the close of plaintiff Keyes’ case, these two defendants filed a motion for directed verdict for the reasons that (1) a purchaser was not produced on terms acceptable to the defendant sellers, and (2) Keyes failed to prove that the purchaser was financially able to make the purchase. The trial judge granted the motion for directed verdict.
The rule is that before a realtor may be entitled to a commission, he (or she) is required to show some proof that the person who would be the purchaser is financially able to command the necessary money to close the deal on reasonable notice at the agreed upon time. Sharp v. Long, Fla.App. 1973, 283 So.2d 567; Chan-ton v. Drucker, Fla.App. 1974, 299 So.2d 145 and cases cited therein.
We note that the purchase price allegedly agreed to by the parties is in excess of $10,000,000. The record referring to Fusco Corporation’s financial ability is primarily based on a loan of $93,000 it made to defendant sellers and payment to its Miami attorney of $7,500 to $9,000 in fees. We conclude this was insufficient to show an available source of funds for Fus-co Corporation to make the purchase.
We also considered appellant’s contention with regard to the entry of the summary judgment in favor of the remaining defendants and have determined it to be without merit.
Affirmed.