PER CURIAM.
The issue on appeal is whether the trial court properly granted a directed verdict in favor of the defendant/vendor at the close of the plaintiff/real estate broker’s case. We hold that the plaintiff failed to establish a prima facie case demonstrating his entitlement to a real estate commission and, consequently, we affirm.
Viewing the testimony in the light most favorable to the plaintiff, we find that the plaintiff/real estate broker had an oral contract with the defendant/vendor which, in essence, constituted a non-exclusive listing on a piece of property in Martin County. As a result of this agreement, the broker presented the vendor with an offer of purchase which, according to the broker, was acceptable to the vendor except for the fact that it did not contain a provision which would permit the vendor to elect between specific performance and liquidated damages in the event of a default by the purchaser. In the ensuing interval of a few hours during which the broker obtained the purchaser’s agreement to the default provision, the vendor decided to accept an earlier offer from another party. Next, the broker notified the vendor’s lawyer that the default clause was acceptable and shortly thereafter was told that the vendor had decided to sell to another party. Based on these facts the broker sued for his commission.
We concur with the trial court that the foregoing facts are insufficient to establish a prima facie case of appellant’s entitlement to a commission. “[T]he mere verbal accord between the parties as to the price is not the sole ingredient of the agreement to buy and sell sufficient to entitle the broker to a commission.” McAllister Hotel, Inc. v. Porte, 98 So.2d 781, 784 (Fla. 1957). To be entitled to a commission, the broker must “produce a purchaser who is ready, willing and able to close the transaction not only for the stipulated price but upon other essential terms which are acceptable to the owner.” Id., at 783. Moreover, absent an agreement that the listing contract will be kept in force for a specified period of time, the vendor is free to terminate the listing at any time and to accept another offer of purchase without incurring liability to the broker. Cf. Leon Realty, Inc. v. Bradwell, 271 So.2d 771 (Fla. 1st DCA 1972).
Since the broker in the case at bar did not produce a buyer who was ready, willing and able to accept all of the vendor’s terms prior to the time that the vendor decided to accept another offer of purchase, we conclude that the broker is not entitled to a commission. Accordingly, the judgment is
AFFIRMED.
LETTS, C. J., and DOWNEY and HURLEY, JJ., concur.