PER CURIAM.
Fried-Laskey Realty commenced this action to recover a brokerage fee. By terms of a multiple listing it agreed to produce a buyer ready, willing and able to purchase business property upon terms agreeable to the seller U.S. Drug Discount Corp. A jury returned a verdict for Fried-Laskey. We reverse.
Where the uncontroverted evidence showed that the prospective purchaser made a material modification to the purchase agreement, which modification was not accepted by the seller, there was no agreement to purchase on the seller’s terms. The modified contract constituted a counteroffer, subject to acceptance by the seller. See Philbrick v. Wedel, 411 So.2d 973 (Fla.3d DCA), rev. denied, 419 So.2d 1201 (Fla.1982); Brickell Townhouse, Inc. v. Hirschfield, 404 So.2d 153 (Fla.3d DCA 1981), rev. denied, 412 So.2d 466 (Fla.1982); Mintzberg v. Golestaneh, 390 So.2d 759 (Fla.3d DCA 1980).
Further, there was no competent and substantial evidence that the prospective purchaser was ready, willing and able to buy. Mr. Wax, the broker’s witness who testified as to his readiness and ability to purchase, was not the prospective purchaser who signed the agreement. The prospective purchaser who purported to accept the sale offer by signing the contract with a modification was a Mr. Rabinowitz. Wax had only an expectant interest as a future partner of Rabinowitz. Wax’s ability and readiness to purchase was therefore irrelevant.
Reversed and remanded with directions to enter judgment for appellant.