543 So.2d 395 (1989)
Harold and Dorothy STICHT, Appellants,
v.
Terry SHULL, Appellee.
Nos. 88-0232 and 88-0710.
District Court of Appeal of Florida, Fourth District.
May 17, 1989.
*396 Robert S. Hackleman and Asela M. Cuervo of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellants.
James K. Pedley, Fort Lauderdale, for appellee.
DOWNEY, Judge.
This is an appeal from a final judgment awarding to appellee the sum of $45,000 as a real estate brokerage commission, as well as from a final judgment awarding him attorney's fees, costs and expert witness fees.
Appellants, Harold and Dorothy Sticht, owners of a small motel near the beach in Fort Lauderdale, gave appellee, Terry Shull, a listing to sell the motel for $650,000 cash. Shull produced a contract to purchase signed by Frederick Caracciola for $600,000, with an initial deposit of $5,000 to be followed by $15,000 when the Stichts signed the contract and $100,000 at closing. The purchaser planned to obtain institutional financing to provide the balance of the purchase price. In that regard, the contract provided that it was contingent upon the purchaser's being successful in obtaining said financing.
The Stichts did not accept that contract and eventually the purchaser, Caracciola, increased the offer to $650,000, with the same contingency provision. The Stichts did not sign that contract either and Shull sued them to recover a real estate brokerage commission on the theory that he had produced a purchaser ready, willing and able to purchase the property on the terms and conditions authorized in the listing agreement.
The trial court, without a jury, entered a judgment for Shull, finding that he had produced a purchaser ready, willing and able to purchase on the authorized terms and that, through the Stichts' fault, the sale did not reach fruition.
The Stichts present three points on appeal. The first point is that Schull did not produce a purchaser willing to buy upon the terms contained in the listing agreement because the listing called for a cash sale but the contract presented contained a financing contingency that they refused to accept. Secondly, the Stichts contend that Shull failed to prove that he produced a purchaser ready, willing and able to purchase because the proof of the ability of the purchaser to buy was inadequate. Thirdly, the Stichts contend the judgment for attorney's and expert witness fees was erroneous.
Since the judgments must be reversed on the basis of the second point, we will not treat the other points presented.
The law in Florida is well settled that, in order for a real estate broker to recover a commission for producing a purchaser, he must prove that the proposed purchaser was ready, willing and able to close the deal. Sharp v. Long, 283 So.2d 567 (Fla. 4th DCA 1973); Keyes National Investors, Inc. v. Pine-Cone Properties, Inc., 324 So.2d 107 (Fla. 3d DCA 1975); Chanton v. Drucker, 299 So.2d 145 (Fla. 3d DCA 1974). With regard to proving the ability of the purchaser to close, the proof must show that the purchaser can command the necessary money to close on reasonable notice or within the time stipulated by the parties. Keyes.
The evidence adduced by Shull to prove Caracciola's ability falls woefully short of *397 proving this vital element of his cause of action. To begin with, the contract purchaser is Frederick Caracciola, whose net worth is alleged to be $150,000. He opined that he would have qualified for a loan of approximately $520,000 because he and his mother worked together in buying property; that his mother is a New Jersey real estate broker and has purchased twenty or twenty-five pieces of property; that she had a net worth of over $500,000 and had helped negotiate the contract for this property with Shull; that, after the deal fell through, he and his mother bought another smaller motel down the street for $615,000. He also testified that he and his mother were going to own the property in question together.
It should be remembered that the contract in question here is in Frederick's name, not his mother's name. The contract for the other motel purchased was in the mother's name. She obtained the financing therefor, which only required a loan of approximately $130,000, and the mother took title alone. All of which has little probative value in proving the point we are involved with, i.e., Frederick's ability to close. In this respect, the present case is not unlike the case of U.S. Drug Discount Corp. v. Fried-Laskey Realty Co., 483 So.2d 459 (Fla. 1986), wherein the court rejected the broker's attempt to prove the ability of the contract purchaser by evidence of the ability of a third person not a party to the contract but one who "had only an expectant interest as a future partner of the contract purchaser".
Shull seems to proceed upon a partnership theory between Frederick and his mother, Rosemarie. In their reply brief, the Stichts state:
The "de facto" partnership theory advanced under Point II of Plaintiff's brief contradicts the record in this case. Indeed, the theory highlights the fact that Frederick Caracciolo lacked the financial resources necessary to satisfy the requirements of the deposit receipt contract.
The record contradicts Plaintiff's assertion that any partnership existed between Frederick Caracciolo and his mother Rosemarie. This issue was not raised in the pleadings. A review of the complaint reveals no mention of either Rosemarie Caracciolo or of a "partnership" between her and Frederick Caracciolo. There was likewise no mention of any partnership in the evidence before the trial court. Rosemarie Caracciolo did not testify that her son was her agent. Plaintiff was never informed that Frederick Caracciolo and his mother, Rosemarie Caracciolo, were buying the property together. The Stichts were likewise not informed. When asked by Appellants' counsel who was to purchase the Sticht motel, Frederick Caracciolo responded: "I was." He also testified that the title to the Sticht property was going to be placed in his name. [Record references omitted.]
Finally, Frederick simply did not demonstrate his ability to command the funds necessary to close and resort to his mother cannot qualify because she is not obligated to either the Stichts nor her son to perform the contract.
We therefore hold that the trial judge erred in entering judgment for appellee, Shull, for the brokerage commission and, accordingly, the judgments appealed from are reversed.
DELL and POLEN, JJ., concur.