PER CURIAM.
Following our reversal of a final judgment entered upon a directed verdict in favor of the defendant Williams Island Associates in an action for breach of contract, a brokerage commission, and quantum me-ruit, the trial court entertained a motion for summary judgment filed by the defendant (as our prior decision had authorized) and entered a final summary judgment for the defendant. Sheldon Greene & Assoc. v. Williams Island Assoc., 550 So.2d 1142 (Fla. 3d DCA 1989), rev. denied, 557 So.2d 35 (Fla.1990). The plaintiff Sheldon Greene & Associates, Inc. appeals.
We affirm based on a holding that the plaintiff, as a matter of law, was not entitled to recover from the defendant based on the legal theories pled in the complaint. We reach this result because the management company, which the plaintiff produced to develop and then manage a prospective hotel investment for the defendant, was financially unable to perform. As a consequence, the plaintiff, in producing *550 such a financially troubled investor/manager for the defendant, failed to perform any service for the defendant and was therefore not entitled to recover under a quantum meruit theory; the plaintiff was also not entitled to recover a brokerage fee or for breach of contract because it failed to produce, as agreed, an investor/manager who was financially able to perform. See Variety Children's Hosp., Inc. v. Vigliotti, 385 So.2d 1052, 1053 (Fla. 3d DCA 1980); Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518, 520-21 (Fla. 3d DCA 1975); see also Sticht v. Shull, 543 So.2d 395 (Fla. 4th DCA 1989); Chanton v. Drucker, 299 So.2d 145 (Fla. 3d DCA), cert. denied, 307 So.2d 447 (Fla.1974); Furnari v. Goodman, 242 So.2d 503 (Fla. 3d DCA 1970). Moreover, the plaintiffs affidavit, adduced below to establish an ostensible benefit conferred on the defendant, constituted legally inadmissible evidence becajise it was based on hypothetical facts related to the building of the subject prospective hotel which was, in fact, never built — and, consequently, was insufficient to preclude the summary judgment entered below. See Arkin Const. Co. v. Simpkins, 99 So.2d 557 (Fla.1957); Husky Indus., Inc. v. Black, 434 So.2d 988 (Fla. 4th DCA 1983); Gesco, Inc. v. Edward L. Nezelek, Inc., 414 So.2d 535, 538-39 (Fla. 4th DCA 1982), rev. denied, 426 So.2d 27 (Fla.1983); § 90.705(2), Fla.Stat. (1989).
Affirmed.