632 So.2d 113 (1994)
Francisco L. PADRON and Joanne E. Padron, Appellants,
v.
Carlos PLANTADA, Appellee.
No. 93-512.
District Court of Appeal of Florida, Third District.
February 8, 1994.
Rehearing Denied March 15, 1994.
Ellen G. Lyons, Peter James Sandberg, Miami, for appellants.
Miguel A. Rodez, Miami, for appellee.
Before NESBITT, JORGENSON and LEVY, JJ.
LEVY, Judge.
In this appeal involving a broker's cause of action for breach of a borrower-mortgage broker agreement, we reverse the final judgment entered in favor of the broker, based upon our finding that the borrowers properly rejected the broker's nonconforming loan commitment counteroffer.
Appellants Francisco L. Padron and Joanne E. Padron [hereafter the "borrowers"], contacted appellee/broker Carlos Plantada [hereafter the "broker"], and signed a mortgage broker's agreement, whereby they agreed to pay the broker $17,520 to procure a loan commitment by July 26, 1991, for the sum of $584,000, at a fixed interest rate of 10%, for 30 years.
Thereafter, the broker procured a loan commitment from A.I.B. Mortgage Company for the sum of $584,000, at a floating rate for 30 years. The borrowers told the broker that they would accept a loan commitment which mirrored the terms of the brokerage agreement, however they would not accept the A.I.B. loan commitment because they were unsure what the actual interest rate would be under the floating rate. In early July of 1991, the borrowers informed the broker that they were able to obtain a loan from another lender for $595,200 at an 8% variable interest rate. The borrowers closed in August of 1991, using the other lender.
The broker brought suit alleging that he had complied with the terms of the contract, and that the borrowers had terminated the contract while the broker still had time remaining in which to perform. Final judgment was entered in favor of the broker for $13,389.00, which was the amount of the contract fee, minus the cost of locking in a 9.75% rate on the loan on July 9, 1991, for 45 days. The trial court denied the broker's request for attorney's fees and prejudgment interest. The borrowers then brought this appeal from the adverse final judgment, and the broker cross-appealed the denial of his request for prejudgment interest and attorney's fees.
The trial court erred in finding that the broker had complied with the terms of the contract, and in finding that the borrowers were in breach. The broker offered a loan commitment from A.I.B. Mortgage Company which did not reflect the terms of the contract requiring a fixed rate of 10% for thirty years, for the sum of $584,000. A floating interest rate is not a 10% interest rate, and is *114 subject to increase up until the closing date. The proffer of the A.I.B. loan commitment at an unspecified floating rate did not mirror the terms of the parties' agreement and thus constituted a counteroffer, which rejected the original contract terms. See U.S. Drug Discount Corp. v. Fried-Laskey Realty Co., 483 So.2d 459 (Fla. 3d DCA 1986); Mintzberg v. Golestaneh, 390 So.2d 759 (Fla. 3d DCA 1980). Because the broker failed to procure a loan commitment which complied with the terms of the agreement, the broker is not entitled to recover a brokerage fee. See McAllister Hotel, Inc. v. Porte, 98 So.2d 781 (Fla. 1957); Sheldon Greene & Associates, Inc. v. Williams Island Associates, 571 So.2d 549 (Fla. 3d DCA 1990); Harding Realty, Inc. v. Turnberry Towers Corp., 436 So.2d 983 (Fla. 3d DCA 1983); Bryan & Greenlees Real Estate, Inc. v. Norman, 405 So.2d 181 (Fla. 4th DCA 1981).
Accordingly, we reverse the final judgment entered in favor of the broker. In view of our resolution on the breach of contract issue, the broker's remaining points on the cross-appeal become moot, and need not be addressed.
Reversed.